Willet v. Stewart.

operation of the acts of 1848 and 1849, as to the sole and separate estate or property of a married woman, when the acts took effect.

My conclusion is, that the decree of the surrogate should be affirmed, with costs.   .

Decree affirmed.

[NEW YORK GENERAL TERM, November 7, 1864.   *Leonard, Geo. G. Barnard* and *Sutherland*, Justices.]

———o-o-o———

WILLET, administrator &c. *vs.* STEWART and others.

It is too late, at the trial, to object that the complaint and summons vary; that the summons is under the wrong subdivision of section 129 of the code of procedure, to justify the complaint filed and served.

That objection should be presented by motion, in order that an amendment may be made, on just terms.

It is a breach of a deputy sheriff's official bond, if he fails to pay over money collected by him on execution, even if the sheriff should never be sued, or made to pay the amount.

The deputy's liability depends solely upon his own omission to pay over to the sheriff, and not in any manner upon what becomes of the money after the sheriff receives it, or who is entitled to it.   SUTHERLAND, J. dissented.

THIS is an action brought by J. C. Willet, late sheriff of New York, against Stewart, as principal, and Perry and Bean, as sureties, upon a bond given by Stewart upon his appointment by the plaintiff as deputy sheriff; his term of office commencing January 1st, 1856, and ending December 31st, 1858; the plaintiff's term of office continuing the same length of time.   Willet having died, the action was continued in the name of his administrator.   The breach complained of was, that the plaintiff had paid to one Kilbreth, trustee of the Ohio Life Insurance and Trust Company, five hundred and sixteen dollars, for certain furniture which Stewart sold, in May, 1858, by virtue of an execution against said company.   The complaint alleged that the plaintiff had been

Willet *v.* Stewart.

sued by the trustee of said company, and judgment rendered against him, on the 12th of December, 1862, for the amount of said furniture. The answer in this case admitted that the plaintiff was sheriff during the time above mentioned; that Stewart was deputy during the same time, but denied that he received any process against the Ohio Life Insurance and Trust Company; or that he sold any property of the company; or that the plaintiff had paid any money in consequence of the defendant Stewart's act. It also alleged, that if the plaintiff paid Kilbreth any thing, it was voluntary, and not from necessity, or by compulsion of law; that if so paid, it was in his own wrong. The answer also set up the statute of limitations, as to any claim that could have been made against the plaintiff by the trustee, and also to the claim against the defendants in this case. The evidence given about process having been handed to the sheriff, and delivered to the defendant Stewart, was by parol only, and was received under an objection by defendants' counsel. The kind of process, and what it directed should be done by the sheriff, or whether it was directed to the sheriff, did not appear. Parol proof was given, under objection by the defendants' counsel, that an auctioneer sold furniture in 1858, by virtue of an execution against the Ohio Life Insurance and Trust Company, and that he was directed to sell such furniture by Stewart, the defendant. The announcement at the sale, by the auctioneer, was as follows: "I made the announcement that it was by virtue of several executions, and by the order of the sheriff of the city and county of New York, and the sale went on. Stewart was present at the sale." Proof was also given that the plaintiff had been sued by Kilbreth, trustee &c., more than four years after the occurrence, for the furniture sold by the auctioneer above mentioned; that the plaintiff, instead of defending the action by pleading the statute, or giving the defendants notice of said suits, confessed a judgment and paid the same, in December, 1862. There was no evidence that any of the money arising from

said sale ever came to Stewart's hands, or that the plaintiff ever requested Stewart to return the execution or process, or demanded of Stewart the money for which the furniture sold. And the judge refused to the counsel for the defendants the right to sum up the case, or the jury to take the case, and charged them that they must find a verdict for the plaintiff for $534 damages, which they did accordingly. The defendant Stewart appealed from the judgment.

*G. L. Walker*, for the appellant.

*A. J. Vanderpoel*, for the respondent.

GEO. G. BARNARD, J. It is too late at the trial to object that the complaint and summons vary; that the summons was under the wrong subdivision of the 129th section of the code of procedure to justify the present complaint under it. That objection should have been presented by motion, in order that an amendment might have been made on just terms. If necessary to sustain the judgment, it would be now amended, so as to conform to the facts proved.

The facts on which the recovery is based are wholly undisputed. The deputy of the sheriff of the city and county of New York had, under and by virtue of executions issued and delivered to such sheriff, sold on the 13th of May, 1858, property of the defendants in the executions, to the amount of $516.95. This money he has kept, and not paid either to the sheriff or to any person who was entitled thereto. The defendant Perry is the surety of the deputy, and he, with the deputy and his co-surety, is sued by the sheriff upon the bond given by the deputy, conditioned that he would well and truly execute the office of deputy sheriff.

The defendants claim, first, that they are not liable because the sheriff was not sued to recover this sum until after three years from the time the money was made by the deputy, and that by section 92 of the code the action was barred by lapse

of time. It was a breach of the deputy's bond if he failed to pay money collected, even if the sheriff should never be sued or made to pay the amount. (*McClure* v. *Erwin*, 3 *Cowen*, 313.) The deputy's liability depends solely upon his own omission to pay the sheriff, and not in any manner upon what becomes of the money after the sheriff receives it, or who is entitled to it.

The law declares the judgment from undisputed facts. There was nothing for a jury to find.

The judgment should be affirmed, with costs.

LEONARD, J. concurred.

SUTHERLAND, J. I dissent. I am inclined to think that the evidence offered by the defendant, to show that Kilbreth had no interest in the money for which the furniture was sold, and was not entitled to receive any from Willet, and that Willet paid the money in his own wrong, was improperly ruled out. Moreover, after a careful examination of the case, I fail to see the ground upon which the judge was justified in directing a verdict for the plaintiff. Stewart swore that he never received the money from the auctioneer. The auctioneer swore that he had paid Stewart *a part*, without saying, or being asked, how much. How then could a verdict be directed on the ground that Stewart had received but had not paid over the money?

The recovery of the judgment against the sheriff, and the payment of it by the sheriff, is a mystery to me, and needs more explanation than the case furnishes.

Judgment affirmed.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Sutherland* and *Geo. G. Barnard*, Justices.]