HEARD NOVEMBER TERM, 1874.

## HAMMOND *vs.* NORTH EASTERN RAILROAD COMPANY.

A mail agent who is transported by a railroad company under a contract with the government to carry its mail agents free of charge may maintain an action against the company to recover damages for injuries arising from negligence. Such action is not founded on the contract with the government, but upon the duty which the law imposes upon the company.

Where the allegations of a complaint clearly show that the action is to recover damages for a tort, and the defendant was not, and could not have been, misled as to the nature of the action, it is no ground for a motion, at the trial to dismiss the complaint, that the summons was framed under subdivision 1 of Section 152 of the Code, and the complaint concluded by demanding judgment for a specific sum of money.

Where the action is to recover damages for injuries to the person, the plaintiff is not bound to prove at the trial every specific injury alleged in the complaint.

BEFORE GRAHAM, J., AT CHARLESTON, MARCH TERM, 1874.

This was an action by Isaac Hammond, plaintiff, against the North Eastern Railroad Company, defendant, to recover damages for injuries sustained by the plaintiff on the 16th of May, 1873, on the road of the defendant.

The summons was framed under the first subdivision of Section 152 of the Code of Procedure, and the complaint concluded with a demand of judgment for the specific sum of money mentioned in the summons.

The second paragraph of the complaint alleged that the defendant made a contract with the United States, for a certain consideration, to convey the mails over its road in a separate car or apartment, suitably fitted up for the assorting and safekeeping of the mails and for the exclusive use of the agent of the government, and also to convey such agent free of charge. The other paragraphs alleged that on the 16th of May, 1873, the plaintiff was the mail agent of the government; that on that day he was received as such agent by the defendant, on its road at Florence, in the apartment of a car used for the conveyance of the mails and the mail agent, to be conveyed to Charleston, for reward paid or agreed to be paid the defendant by the United States; that the defendant having received the plaintiff on its car, as aforesaid, it became its duty to convey him safely and securely, and it became responsible to him for any injury he might receive through the negligence or unskillfulness of the defendant, its agents or servants; that a trestle supporting the track of defendant's road at, &c., was at that time defective and

unsound, as defendant knew, and unfit to be used for the purpose for which it was constructed, and yet the defendant, not regarding its duty, negligently suffered it to be used, and as the car in which the plaintiff was being transported was proceeding along said track the said trestle broke and gave way, and the said car was thrown from the track, and the right thigh of the plaintiff was fractured, the left leg badly cut and bruised, and the plaintiff otherwise bruised and injured; that by reason thereof the plaintiff became for a long time ill, and spent a large sum of money, &c., to his damage $10,000.

The defendant, by its answer, set forth the terms of its contract with the United States; admitted that the plaintiff was the mail agent of the government at the time the accident occurred; denied that he was being carried for reward, and also denied all the paragraphs of the complaint alleging that it was the duty of the defendant to convey the plaintiff safely and securely; that the trestle was defective, unsound and unfit for use; that there was negligence on the part of defendant; that the plaintiff sustained injuries as he alleged, and that he became ill and spent money in his care.

At the trial the plaintiff introduced evidence tending to show a tort committed by defendant, causing damage to the plaintiff, as stated in the complaint.

This evidence was excepted to by defendant on the ground:

"That the action brought is an action *ex contractu*, for a specific money demand, being the damages consequent upon the breach of the contract of the defendant with the United States government; and the plaintiff, having elected to sue in contract, is limited in his proof, first, to the proof of the contract as alleged; second, to the proof of its breach; and, third, to the proof of the damages legally resulting from such breach; and the plaintiff cannot go into proof as in an action *ex delicto.*"

The objections of the defendant having been overruled, the plaintiff proceeded with his testimony. Plaintiff was introduced as a witness, and, having stated that he was acting as postoffice agent under authority of the United States government, was being examined as to the damages received by him at the hands of the defendant, whereupon the defendant objected to the proof, on the ground:

"That, the claim being for damages to the plaintiff, as mail agent of the United States government, under a contract between the United States government and the defendant, the plaintiff must show the contract referred to in the testimony of the · witness and in the complaint before the examination proposed is gone into ; which objection being overruled by the Court, the defendant ex- cepted."

The plaintiff then proceeded with his testimony, and proved the contract between the defendant and the United States government for transporting the mails, the only clause of which that need be here inserted is as follows :

"1. That the mail (including British, Canada and other foreign mails) shall be conveyed in a secure and safe manner, free from wet or other injury, in a separate and convenient car, or apartment of a car, suitably fitted up, furnished, warmed and lighted, under direction of the Postoffice Department, and to the satisfaction of the Postmaster General, or of his authorized agent, at the expense of the contractor, for the assorting and safekeeping of the mails, and for the exclusive use of the department and its mail agent, if the department shall employ such agent, and such agent is to be conveyed free from charge.   When there is no agent of the depart- ment, the railroad company shall designate a suitable person upon each train, to be sworn, to receive and take charge of the mails, and · of way bills accompanying and describing them, and duly deliver the same.   And the mail shall be taken from and delivered into the postoffices at the end of the route ; and also from and into the intermediate offices on the route, or that may hereafter be estab- lished on the route, provided the latter are not over one-quarter of a mile from a depot or station."

The plaintiff having closed his case, the defendant, by its coun- sel, moved that the complaint be dismissed on the following grounds :

1. That the plaintiff has elected to bring his action on a contract for the recovery of money only, under the subdivision first of Sec- tion 152 of the Code of Procedure, and has shown a special contract between the defendant and a third party, viz., the United States government, for the breach of which special contract the United States alone has the right of action *ex contractu.*

2. That the plaintiff, whatever his right of action may be, has shown no privity of contract with the defendant.

3. That the cause of action set forth in the complaint is the alleged failure of the defendant to perform its special contract with the United States government to convey the plaintiff in a safe and secure manner, for hire and reward, while the proof is of a contract to convey a mail agent *free of charge*, and there is no proof of any contract to convey the plaintiff, or to convey him in a safe and secure manner.

4. That the complaint alleges that, by virtue of a special contract with the United States government, defendant became bound to the plaintiff, while the proof is of a contract whereby the defendant became bound to the United States government, and not to the plaintiff, according to the terms of the said contract.

4. That the plaintiff has failed to show in what particular defendant has neglected its contract duty.

The motion for dismissal of the complaint was refused and defendant excepted.

The defendant's counsel then opened its case to the jury, and, to maintain the issue on its part, offered testimony going to show that it had not neglected any duty, and that the plaintiff had not suffered damages at the hands of defendant; to which the plaintiff offered testimony in reply.

The cause was then summed up by the respective counsel, and the counsel for the defendant asked from the Court that the following instructions be given to the jury, viz.:

1. That the jury, in their verdict, are confined to the issues presented by the allegations in the plaintiff's complaint, which are controverted by the answer of the defendant.

2. The first issue is whether the contract set forth in the complaint is the contract proven; and if the jury find that the contract proven between the United States government and the company is not fully set forth in all its particulars, the verdict upon that issue must be for the defendant.

3. That if the jury find that the defendant undertook, by its contract, to convey the plaintiff free from charge, and did not, under their contract, receive the plaintiff for the purpose of conveying him upon said railroad from Florence to Charleston, for

reward paid or agreed to be paid by the United States government, under their said contract, as specially alleged in the third paragraph of the complaint, then the jury must find on that issue for defendant.

4. That for the same reasons stated in the above points, the jury must find for the defendant, under the fourth paragraph of the complaint, on the issue whether defendant had or had not assumed the contract duty to the United States government to convey the plaintiff, as aforesaid, that is to say, for reward paid or agreed to be paid, and in a safe and secure manner, if they find such contract as is alleged not to have been made, and also upon the issue in the same paragraph, viz.: That, by virtue of said contract, "defendant became responsible to him (plaintiff) for any injury he might receive from any negligence or unskillfulness on the part of the defendant, its agents or employees," if the jury find no such clause of insurance in the contract proven.

5. That under the fifth paragraph of the complaint, the jury must find all of the following facts to sustain a verdict for the plaintiff:

*First.* That, at the time of the accident, the track of the defendant's road, over Mitten's Branch, was defective and unsound and unfit to be used for that purpose, and that defendant knew this.

*Second.* That, so knowing, it negligently suffered it to be used; and,

*Third.* That the trestle gave way and broke, and the track of the defendant was destroyed by reason of the said defect and unsoundness and the negligence of the defendant.

6. That under the sixth paragraph of the complaint, the jury must find for defendant, unless they are satisfied on all of the above points that plaintiff has proved his case; and must also find that, "by reason of the severe nature of the fracture, he is lame and crippled, and is prevented from actively pursuing his business."

7. That the plaintiff's complaint is an entire cause of action; and if the jury fail to find for the plaintiff on all the issues of law and fact set forth, they must find for defendant.

His Honor the presiding Judge refused the instructions, and charged the jury as follows:

The issue for you is, whether or not the railroad company was negligent in keeping in proper order that trestle over Mitten's

Branch. That is the question; that is the true issue. As to the contract with the United States government, so far as that is concerned, I do not think it has anything to do with the case. The question is, whether the railroad company injured Mr. Hammond through negligence. The railroad is bound to use proper diligence in keeping their railroad up in good condition. If they fail to do so, they are liable for any damages that may occur. If they do exercise reasonable care and diligence, then they are not liable. You are to judge of that by the testimony. If you believe the testimony of Mr. Jones, that he informed the company that the trestle was unsafe, and they neglected to fix it, then they are guilty of gross negligence.

As to damages, the rule is that a man who is injured by the negligence of another is entitled to all necessary expenses that he has incurred on account of such injury. He is also compensated for the pain and suffering he has endured. And if you find the company has been guilty of gross negligence, then you can punish them in your verdict.

Defendant excepted to the ruling of the Court in refusing to charge in accord with the prayer for instructions, and to the following portion of the Judge's charge, viz.: First, "that the only question for you is whether or not the railroad company injured Mr. Hammond through negligence;" and, second, "that the contract has nothing to do with the case." Which exceptions were taken before the jury had withdrawn from the bar.

The jury returned a verdict for the plaintiff for five thousand dollars.

The defendant appealed.

*Simonton & Barker*, for appellant.

*Buist & Buist*, contra.

April 20, 1875. The opinion of the Court was delivered by

WRIGHT, A. J. The exception made in the Court below that the action brought is one *ex contractu*, for a specific money demand, for the breach of the contract between the United States government and the appellant, and that the plaintiff was limited in his proof to the contract as alleged and the damages which may have resulted from a breach of it, cannot prevail. It is true that the

notice,. both on the summons and complaint, as to the form of the
judgment which the plaintiff will demand, applies, under the Code,
to actions arising *ex contractu,* and not to those which are founded
on tort, or where a recovery is sought on any other than a demand
for the payment of a specific sum of money. It is plain that the
summons and the complaint, between which there was no variance,
should have concluded with a notice under the second subdivision
of Section 152 of the Code.

The summons and the complaint were both served together.
The form of the latter shows beyond dispute that the action was
not brought for the breach of the contract between the government
and the appellant, but for the money due to the respondent through
the defect and unsoundness of their road and the negligence of
their agents. It was impossible that the appellant could have been
misled as to the nature of the action, for the form and phraseology
of the complaint, while they clearly disclosed the claim to repara-
tion in money for the injury received through the negligence of the
appellant, sought no recovery for any breach of the contract
to which it refers. The course, too, pursued in the answer and
defense prevents even a presumption of its having been misled by
the complaint. If, as the company avers, the action was on the
contract, and that under it there was no privity between Hammond
and itself, a demurrer would have been the most appropriate mode
by which the question could have been raised. We do not see in
the complaint any allegation on which the respondent founds his
right to a recovery for the breach of the contract. It is not referred
to as the foundation of his action. It may be that his complaint
would not have been open to any exception if he had omitted all
reference to it. It was introduced to show that he was not an
intruder on the train of the company. It was merely preliminary
to the statement of his real cause of action, and, if necessary to
its support, he could have offered proof of it without setting it out
in his complaint. The fourth paragraph of his complaint avers
his reception on the train with the consent of the appellant, to be
conveyed from Florence to Charleston; and, not regarding its duty
to carry him safely and securely, it so negligently conveyed him as
to cause personal injury and loss, for which he seeks compensation.
If, by the terms of the contract, he was, as mail agent, to be car-
ried without charge to the government, and erred by stating in
his complaint that he was to be carried free of charge, it could in

no way debar his right to recover, if he proved negligence on the part of the company and injury to himself in the performance of the duty it assumed when it received him on the train to be transported between the points already named. We are by no means, however, satisfied that under the contract the company received no compensation for his carriage—for the services to be performed for the government, in consideration of the gross sum paid it, included not only his transportation but that "of the mail bags and post-office blanks and accredited special agents." The words "free of charge" must have been intended to mean that no additional compensation was to be claimed for these essential incidents of the contract. Further, whether he was to be carried with or without charge to the government cannot change the liability of the company if he was rightfully in the car supplied for the use of the government in the transportation of the mails, under his care and custody.

A liberal construction must be given to the form of pleading established by the Code, which was intended to simplify the system and free it from the nice and intricate distinctions which prevailed at common law, where the resort to amendment was but rarely allowed.

If the defendant has not been misled, and could not have been misled, in framing his defense to meet and counteract the allegations of the complaint by reason of their want of precision in presenting the real cause of action, then the plaintiff should not be prevented from submitting evidence to sustain the averments on which he relies for a recovery. In *Chambers* vs. *Lewis*, 10 Abb., 206, affirmed 11 Abb., 270, it is said: "The allegations of the complaint determine whether the action is brought on the contract or on tort." In *Scott* vs. *Pilkington*, 15 Abb., 280, it is said: "Under the Code, no trouble arises as regards the form of the action, whether it be on the case or on contract." "If the facts established in the complaint give a right of action, the plaintiff can recover on that complaint."—See Waits' Annot. Code, pages 182, 518. It is enough if the allegations show distinctly the cause of action. If, then, as it appears here, the appellant was well informed by the complaint of the nature of the action which it was required to answer, is the character of the relief which the respondent demanded, when not objected to by motion on the part of the appellant, to debar his recovery because not claimed in con-

formity with the language of the Code? It is not possible to suppose that the appellant was surprised by the nature of the evidence by which the respondent proposed to maintain his action. It was apprised by the complaint of the cause of action, and the testimony offered was in direct reference to it. The objection that the complaint and answer do not agree as to the cause of action cannot be raised at the trial.— *Willet* vs. *Stewart,* 43 Barb., 98. With greater reason it would seem that, though they both conclude with a form applicable under the Code to a demand for a specific sum of money, yet when the complaint informs the defendant of the real nature of the cause of action, this should prevent an exception after the case has gone to trial. The Code, in regard to pleadings, allows a most liberal interpretation. Section 182 provides "that in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."

In the case of *Ahrens* vs. *State Bank,* (3 S. C., 410,) the Court considered the Sections of the Code in regard to "mistakes in pleading and amendments," and expressed its conclusions as to their purpose and intent. In delivering the opinion of the Court, Mr. Justice Willard says: "Under Section 192, no variance is to be regarded material, unless it has actually misled the party; and in that case his remedy is to satisfy the Court immediately, by proof by affidavit, that he has been misled. The effect of such proof is not to prevent the Court from allowing an amendment to such case, but to entitle the party prejudiced by such amendment either time or such other compensatory terms and conditions as may be reasonable. Section 194 was intended to guard against the application of Sections 192 and 193 to cases which are not, properly speaking, cases of variance, but where the party has proved on trial a state of facts foreign to the allegations of the pleadings, and having the effect to leave the facts alleged in the pleadings unproved in their 'entire scope and meaning.' It is obvious that variance involving nothing more than technical differences between the allegations and proof can only be made material in the mode pointed out in Section 192." That the appellant here could not have been misled as to the true character of the complaint, is evident from the fact that it was prepared with testimony "to show that it hâd not neglected any duty, and that the plaintiff had not suffered damage at its hands," and did actually offer testimony in aid of such defense.

The most of the instructions asked by the appellant, and refused by the Court below, have been disposed of by what we have already said.

In relation to the fifth, it is sufficient to say that the charge was substantially in accord with its requests.

In regard to the sixth, it was not necessary for the plaintiff below to prove every specific injury to his person because alleged in his complaint. Under the averment of being bruised and wounded, he was properly allowed to prove all personal injuries which were the consequence of the wrong complained of by the negligence of the respondent.

The exception to so much of the charge of the Judge, as stated, that the only question for the jury "was whether or not the railroad company injured Mr. Hammond through negligence, and that the contract had nothing to do with the case," is not well taken. In addition to what we have already said bearing on this point, it will only be necessary to refer to the case of *Collett* vs. *The London and North Wales Railroad Company,* (Ad. & Ellis, 71 E. C. L., 984,) which in all particulars was similar to this. The declaration sets out the statute under which the conveyance of the mails by railways was required; that the plaintiff was an officer of the post-office, whom the Postmaster General required of the defendant they should carry and convey in and upon the carriage containing the mails. That, therefore, it became, and was, the duty of the defendants to use due and proper care and skill in and about carrying the plaintiff. Yet, not regarding their duty, they did not use proper care and diligence in conveying him, but so negligently conducted themselves in and about conveying him that plaintiff became and was dangerously hurt, &c. A demurrer was filed, principally because it was not stated with certainty by what right or authority, or on what grounds, the Postmaster General had required of the defendants, as in the declaration mentioned. The demurrer was overruled.

Lord Campbell, C. J., said: "The duty to use due and proper care and skill in conveying does not arise in respect of any contract between the company and the persons conveyed by them, but is one which the law imposes; if they are bound to carry, they are bound to carry safely."

Patterson, J., said: "It has been contended that if there is any contract on the part of the defendants, it is with the Postmaster

General. But there is certainly a duty imposed upon them in respect of the plaintiff to convey safely; and it would be strange if the Postmaster General is to sue for injuries to the plaintiff caused by neglect of this duty. Such injury is properly the subject of an action on the case by the plaintiff."

The motion is dismissed.

*Moses,* C. J., and *Willard,* A. J., concurred.