## CHARLES V. DUBOIS as Receiver, etc., v. BERNARD CASSIDY, Impleaded, etc., Respondent.

In an action for partition by a receiver appointed in supplementary proceedings the complaint alleged in substance that by an order duly made May 22, 1876, by the county judge of U. county in such proceedings plaintiff was appointed receiver, etc., that such order was recorded in said county, that the real estate was situate therein, and that the judgment-debtor acquired title on or about April 23, 1876. There was no allegation that the judgment roll was filed or that the judgment-debtor resided in that county, or that the order or a certified copy thereof was filed and recorded in the office of the clerk of the county where the judgment roll was filed or where the judgment-debtor did reside. *Held,* that a demurrer to the complaint was properly sustained as the conditions prescribed by the Code (Old Code, § 292), which must exist before title to real estate vests in the receiver, did not appear.

Also, that plaintiff by virtue of his appointment only became vested with such property as the judgment-debtor had at the time of the commencement of the proceedings, and there was no allegation that he owned the real estate at that time ; but a proper inference from the facts alleged was that he acquired title after that time.

As to whether a receiver appointed in such proceedings obtains such a title to real estate as will enable him to maintain an action for partition, *quære.*

(Argued November 15, 1878 ; decided November 26, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order reversing an order of Special Term which overruled a demurrer to the complaint herein sustaining the demurrer and dismissing the complaint.

The nature of the action and the facts are sufficiently set forth in the opinion.

*J. Newton Fiero*, for appellant. The averments of the complaint were sufficient and showed that plaintiff had a legal capacity to sue. (*Rockwell* v. *Merwin*, 45 N. Y., 166; *Manly* v. *Rassigna*, 6 N. Y. W'kly Dig., 300.) Plaintiff had such an estate in the property sought to be partitioned as enabled him to maintain partition. (Code of Procedure, §§ 298, 464; *Rogers* v. *Corning*, 44 Barb., 230; *Porter* v. *Williams*, 9 N. Y., 142, 146; 2 Wait's Pr., 247; *Savage* v. *Burnham*, 17 N. Y., 569; *Briggs* v. *Davis*, 21 id., 577; 2 R. S., § 317; 1 id., 722, § 25; *Van Arsdale* v. *Drake*, 2 Barb., 599; Bouv. L. Dict. [14th ed.]; Burr. L. Dict., 435.)

*M. Schoonmaker*, for respondent. The complaint was defective because it contained no allegation as to when supplementary proceedings were commenced. (*Campbell* v. *Genet*, 2 Hilt., 290; *People ex rel. Cram* v. *Ryder*, 12 N. Y., 433; Code, § 298.) The county judge exceeded his jurisdiction in the appointment of plaintiff as receiver. (*Sacket* v. *Newton*, 10 How. Pr., 560, 564; *Scott* v. *Elmore*, 10 Hun, 68.) Plaintiff acquired no title to or in the real estate by the mere order of the court as a conveyance from defendant was necessary to vest him with any title. (*Chaut. Co* v. *Risley*, 19 N. Y., 375; *Moak* v. *Coats*, 33 Barb., 498; *Scott* v. *Elmore*, 10 Hun, 68.) The complaint did not show that plaintiff had such an estate or interest in the real estate as to entitle him to commence this action. (2 R. S., 317, § 1; 1 id., 730, § 67; id., 729, § 62; *Bostwick* v. *Munck*, 40 N. Y., 383, 389; *Beecher* v. *Tenance*, 31 id., 641; Crabb on R. P., 1025; *Striker* v. *Mott*, 2 Paige, 389; *McQueen* v. *Farquhar*,

11 Ves., 467; *Att'y-Gen'l* v. *Hamilton*, 1 Mad. Ch., 214; 2 Sugd. on Powers, 506; Allnat on Partition, 44, 45.) The complaint was defective because it did not allege that plaintiff was in possession or seized of the premises. (2 R. S., 317, § 1; *Jenkins* v. *Van Schaick*, 3 Paige, 242; *Burhans* v. *Burhans*, 2 Barb. Ch., 409, 410.)

EARL, J. This is an action by the plaintiff, who claims to have been appointed receiver in supplementary proceedings of the property of Thomas Cassidy, for the partition of real estate with the title of which he claims to have become vested, as such receiver.

The defendant demurred to the complaint upon three grounds : 1st. That the plaintiff in his complaint does not show legal capacity to sue or maintain this action. 2d. That the complaint does not show that the plaintiff has any estate of inheritance, or for life or years in the real estate. 3d. That the complaint does not show facts sufficient to constitute a cause of action. The General Term, reversing the Special Term, sustained the demurrer.

The plaintiff claims title to the real estate through his appointment as receiver, and his complaint should allege facts showing such title.

The Old Code was in force at the time of these supplementary proceedings, and that provided (sec. 292) that " when an execution against property of the judgment debtor, or any one of several debtors in the same judgment issued to the sheriff of the county where he resides, or has a place of business, or if he does not reside in the State, to the sheriff of the county where a judgment roll or a transcript of a justice's judgment for twenty-five dollars or upward, exclusive of costs, is filed, is returned unsatisfied," the supplementary proceeding may be instituted. Section 298 as amended in 1863, contains the provisions for the appointment of a receiver, and it provides, that " whenever the judge shall grant an order for the appointment of a receiver of the property of the judgment debtor, the same shall be

filed in the office of the clerk of the county where the judgment roll in the action or transcript from justice's judgment, upon which the proceedings are taken, is filed ; and the said clerk shall record the order in a book to be kept for that purpose in his office.  *  *  *  *  A certified copy of said order shall be delivered to the receiver named therein, and he shall be vested with the property and effects of the judgment debtor from the time of the filing and recording of the order.  *  *  *  *  But, before he shall be vested with any real property of such judgment-debtor a certified copy of said order shall also be filed and recorded in the office of the clerk of the county in which any real estate of such judgment-debtor sought to be affected by such order is situated, and also in the office of the clerk of the county in which such judgment-debtor resides."

Assuming that sufficient is alleged in this complaint, within *Rockwell* v. *Merwin* (45 N. Y., 166), to show that plaintiff was duly appointed receiver, there is a failure to allege facts showing that he became vested with any title to the real estate of the debtor. The complaint alleges that by an order duly made by the county judge of Ulster county upon the application of a judgment-creditor in proceedings supplementary to execution, the plaintiff was appointed receiver of the property of the judgment-debtor and that such order was recorded in Ulster county. The real estate in question it is alleged is situated in said county. But there is no allegation that the order, or a certified copy thereof was filed and recorded in the office of the clerk of the county where the judgment-roll was filed, or where the judgment-debtor resided. Hence the conditions which must exist before the title to the real estate could vest in the receiver, do not appear. It is alleged that the order was recorded in the clerk's office of Ulster county. This satisfied the requirement that it should be recorded in the county where the real estate is situated. But there is no allegation that the judgment roll was filed in that county. or that the judgment-debtor resided in that county.

Opinion of the Court, per EARL, J.

There is another fatal defect in the complaint. By virtue of his appointment as receiver, the plaintiff could only become vested with such property as the judgment-debtor had at the time of the commencement of the supplementary proceedings. (*Campbell* v. *Genet*, 2 Hilton, 290.) And there is no allegation that he had this real estate at that time. It does not appear when the supplementary proceedings were instituted, but it is aleged that the plaintiff was appointed receiver on the 22d day of May, 1876, and that the judgment-debtor became entitled to the real estate by descent upon the death of his father, on or about April 23, 1876. It is a proper inference from these facts that the proceeding was instituted before April twenty-third. For these defects in the complaint, the demurrer was properly sustained.

We are inclined to the opinion that a receiver thus appointed does not obtain such a title to real estate as will enable him to maintain an action for partition, but we are not now called upon to decide whether he does or not.

The judgment must be affirmed.

All concur, except ANDREWS and RAPALLO, JJ., absent.

Judgment affirmed.