By the Court.—Curtis, Ch. J.
The plaintiff was
appointed receiver of the property of the defendant, Leopold Levy, in proceedings supplementary to an execution, June, 30, 1877. The judgment debtor, Leopold Levy, by- the direction of the supreme court, executed *209 August 14, 1877, a conveyance to the plaintiff, of all his right, title and interest in certain real estate, which was by the will of his father, Abraham Levy, deceased, devised to his executors in trust for certain purposes, therein mentioned. Subsequently, in August" 1877, the plaintiff, as receiver, commenced the present action for a partition of the premises in question, and was thereupon, by the order of this court, appointed receiver pendente lite, of the rents and profits of the premises.
It is from this latter order, made January 25, 1878, appointing the plaintiff, in the partition suit" instituted by him as receiver, again a receiver of the rents of the entire premises sought to be partitioned, that the defendants, executors of the will of Abraham Levy, appeal.
The papers show that the executors are responsible persons, that they are indebted to no one in any sum whatever, that they are able to answer any judgment that may be awarded in this action, and that they duly accounted before the surrogate, June 8, 1876. The affidavit of the plaintiff’s attorney, made October 1, 1877, that he believes the executors will appropriate to their own uses the rents of the premises, unless a receiver is appointed, and the grounds upon which he founds his belief fail to show such necessity or pressing danger as calls for additional custodianship. The premises consist of one small lot, with a building thereon, in Avenue B ; the papers disclose the payment, under the order of the surrogate, of a considerable sum by the trustees for legal expenses ; the present suit may add to that amount, and in view of the absence of any actual necessity for the appointment of a receiver, and the incurring of the expenses of such additional administratipn of the trust-estate, there appears to be but very little ground for sustaining the order appealed from. As it is, the plaintiff has had over two *210 years, since this order was made, to bring his suit to a hearing, and it is apparent that the order was only made to protect the interests he claimed, while dili-. gently prosecuting his suit, and not with the view of permanently divesting the executors and trustees of all rights and duties in the administration of The estate.
It is unnecessary, in disposing of the appeal from this order, to pass upon the question, whether the plaintiff, being a receiver in supplementary proceedings, to whom a conveyance has been made by the judgment debtor, can, as such, maintain an action for a . petition. He holds the property as an officer of the court, to discharge some designated dary in respect to it, subject to its order and approval. That it should be his right, or duty, as such, to institute an action in. partition, does not seem to have been contemplated by the legislature, or approved by the courts, any more than in the case of a sheriff, or a referee, appointed to. sell. In Dubois v. Cassidy (75 N. Y. 302), the court say : ‘‘ We are inclined to the opinion, that- a receiver, thus appointed does not obtain such a title to real. estate as will enable him to maintain an action for partition,” but they did not consider themselves, then, called upon to decide that question. In that case no conveyance was executed by the judgment debtor, as in this, to the receiver. The criticism of the court, however, upon the nature of the receiver’s title to real estate of a judgment debtor, as a basis for a partition suit by the receiver in proceedings supplemental^ to execution, is adverse to the sustaining of the present suit.
Nor is it necessary in disposing of this appeal to. determine the nature and extent of the right, title and interest of the judgment debtor, if any he had, in the estate of his deceased father, Abraham Levy.
The order appealed from, appointing the plaintiff a *211 receiver of the rents and profits of the premises in question, should be reversed with costs.
Sedgwick and Freedman, JJ., concurred.