ARTHUR H. MASTEN, AS RECEIVER, ETC., OF RICHARD AMERMAN, RESPONDENT, *v.* RICHARD AMERMAN, ELEANOR AMERMAN, FRANCES H. WALKER, APPELLANTS, IMPLEADED WITH THE EQUITABLE LIFE INSURANCE COMPANY OF THE UNITED STATES.

*Right of a creditor to a lien on the excess of premiums, paid by a husband on a policy of insurance on his life, taken out by his wife under chapter 277 of 1870—a receiver of the husband appointed in supplementary proceeding cannot enforce it — it will not be enforced by the court when the husband's interest is contingent and dependent upon the payment of premiums.*

Upon an appeal from a judgment overruling a demurrer to the complaint, it appeared that on March 21, 1871, the defendant Eleanor Amerman, by herself and in her name, caused to be insured by the defendant, the Equitable Life Insurance Company, for her sole use, the life of her husband, defendant Richard Amerman, in the sum of $20,000 for the term of his life. The policy issued by the insurance company stipulated to pay the amount of the insurance to the wife for her use if living, and if not living to the children of the said Richard or their guardian for their use, or if there were no such children surviving then to the representatives of Richard. The defendant Frances H. Walker is the daughter of Richard Amerman. Premiums upon the policy have been paid out of the husband's property in excess of $500 per annum, the total of such excess amounting to $4,917.36.

In an action brought by the plaintiff, who was in March, 1887, appointed a receiver of all the property and effects of the said Richard Amerman in proceedings supplementary to execution issued on a judgment recovered against him in November, 1886, to reach any interest the said Richard might have in said policy:

*Held,* that, assuming that, under the act chapter 277 of 1870, where the amount of annual premiums paid out of the funds of the principal of the husband was over $500, the lien of the creditor might attach to the excess of premiums so paid, the plaintiff was not entitled to recover for the reason that he was not a creditor within the meaning of the statute as interpreted by the decisions in this State.

*Dubois* v. *Cassidy* (75 N. Y., 298); *Browning* v. *Bettis* (8 Paige, 568); *Williams* v. *Thorn* (70 N. Y., 270); *Underwood* v. *Sutcliffe* (77 id., 58) and *Farnsworth* v. *Wood* (91 id., 308) followed.

That as the plaintiff, by virtue of his appointment as receiver, could only become vested with such property as the judgment-creditor had at the time of the commencement of the supplementary proceedings, and as, at the time of the commencement of this action, there was no vested interest in the policy, or growing out of the policy, in Richard Amerman, he could not maintain an action for any purpose founded upon it.

*It seems* that, at Amerman's death, his estate would have no interest in the policy unless in the contingency of the death of his wife and child.

That, as the interest secured by the policy at best was only a contingent interest, and the trust, regarding it as such, created by the policy, was one of which all parties might lose the benefit in case of a failure to pay the premiums necessary for its continuance, the court should refuse to interfere, as one of the parties might nullify its action through the exercise of a discretion which the contract vested him with.

APPEAL from an interlocutory judgment, entered in the office of the clerk of the city and county of New York on April 3, 1888, overruling a demurrer interposed to the complaint.

*D. Wilcox*, for the appellant.

*J. M. Van Cott*, for the respondent.

BRADY, J. :

It appears that on March 21, 1871, the defendant Eleanor Amerman, by herself and in her name, caused to be insured by the defendant, the Equitable Life Insurance Company, for her sole use, the life of her husband, the defendant Richard Amerman, in the sum of $20,000 for the term of his life. The policy stipulates to pay the amount of the assurance to the wife for her use if living, and if not living to the children of said Richard Amerman or their guardian, for their use ; or if there be no such children surviving, then to the representatives of Richard Amerman. The defendant Frances H. Walker, is a daughter of Richard Amerman. In November, 1886, a judgment was recovered in this court against Richard Amerman, and in March 1887, in proceedings supplementary to execution, the plaintiff was appointed receiver of all his property and effects. Premiums upon the policy it appears have been paid out of the husband's property in excess of $500, per annum and the total of such excess amounts to $4,917.36.

Assuming that the effect of the act of 1870 (chap. 277) was that

the policy was to be exempt from creditors unless the amount of annual premium exceeded the sum of $500, and where the amount paid out of the funds or property of the husband was over $500 the lien of the creditor might attach to the excess of premiums so paid, as indicated by the adjudication in *Baron* v. *Brummer* (100 N. Y. 376, 377), nevertheless the plaintiff is not entitled to recover for the reason that he is not a creditor within the meaning of the statute as interpreted by the decisions in this State. The plaintiff, by virtue of his appointment as receiver, could only become vested with such property as the judgment-debtor had at the time of the commence-ment of the supplementary proceedings. (EARL, J., in *Dubois* v. *Cassidy*, 75 N. Y., 298, 303.)

In *Browning* v. *Bettis* (8 Paige, 568) it was held that a receiver of a judgment-debtor's property takes no right to compensation for the debtor's uncompleted services where, by the terms of employ-ment, they are not payable until the completion of the services, because the debtor himself would have no legal or equitable right to demand any compensation whatever for what he had already done, if he should neglect to go on and complete his services. And where moneys are held in trust for a judgment-debtor at the instance of another, a receiver in supplementary proceedings has no action-able or other interest in them, while the judgment-creditor may have. (*Williams* v. *Thorn*, 70 N. Y., 270; *McEwen* v. *Brewster* 17 Hun, 223.)

The question, therefore, in determining the status of the plaintiff who seeks, in this action, to secure a prior lien upon the excess to which reference has been made is, whether Richard Amerman had any interest which could be reached through the receiver in an action of this kind. Whatever rights may accrue to the creditor under the statute of 1870 may be enforced by him and by him only. In *Under-wood* v. *Sutcliffe* (77 N. Y., 58) it was held that a receiver, appointed in supplementary proceedings, could not maintain an action to enforce the trust created by 1 Revised Statutes (728, § 52) in favor of the creditors of one paying the consideration for lands which are con-veyed to another. And, in *Farnsworth* v. *Wood* (91 N. Y., 308), it was determined that the receiver of a corporation organized under the general manufacturing act of 1848 was not vested with a right of action given by that act (§ 10, chap. 40) to creditors of the cor-

poration against the stockholders thereof. RAPALLO, J., said : " The rights of certain creditors to prosecute their claims against certain of the stockholders never were the property of the corporation nor rights of action vested in it, nor is there any provision of the statute which transfers these rights of action from the creditors to the receiver." The same observation applies to the act of 1870, which gives to the creditor a right of action for the excess over and above the annual payment of $500 upon the policy. At the time of the commencement of this action there was no vested interest in the policy, or growing out of the policy, in Richard Amerman. He could not maintain an action for any purpose predicate of it, and it seems to be settled by authority that, at his death, his estate would have no interest in the policy, unless in the contingency of the death of his wife and child.

The interest secured by the policy, at best, was only a contingent interest for the estate of the assured, dependent upon the death of the wife and children ; and the trust, regarding it as such, created by the policy, is one of which all parties might lose the benefit in case of a failure to pay the premiums necessary for its continuance. It is said in Fry on Specific Performance (§ 72) that the court will not enforce a contract which is, in its nature, revocable by the defendant, for its interference in such a case would be idle, inasmuch as what it had done might be instantly undone by one of the parties. And in *Rust* v. *Conrad* (47 Mich., 449) the court, on reversing a decree for specific performance, said it would refuse to interfere in any case where, if it were to do so, one of the parties might nullify its action through the exercise of a discretion which the contract or the law invested them with. The principle of this case seems to be eminently applicable here in regard to the contingent interest of the estate of the assured in the proceeds of the policy, if paid. The interest sought, if the trust were not continued by the proper payments, would be lost, so far as anything to the contrary appears on the record.

The judgment appealed from should be reversed, and the demurrer sustained, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment reversed and demurrer sustained, with costs.