### STEGMAN v. HOLLINGSWORTH.

*(Supreme Court, General Term, Second Department.　May 11, 1891.)*

BONDS—VALIDITY—CONSIDERATION.

　　An instrument executed on his appointment by a deputy-sheriff with sureties, conditioned for the faithful performance of his duties as such, and for the payment to the sheriff of all moneys collected by him in his official capacity, shows a sufficient consideration to pay upon default of such deputy, and cannot be objected to for want of a seal.

Appeal from special term, Kings county.

Action by Lewis R. Stegman against Henry S. Hollingsworth and others upon a paper executed by a deputy-sheriff and his sureties to indemnify and save harmless the plaintiff, as sheriff, from any loss he might sustain by default of said deputy. The complaint assigned as a breach of the condition contained in the instrument that the deputy-sheriff had not paid over a surplus on a foreclosure sale of $3,100 to the sheriff, nor into court, as the law directs. Said instrument contained a condition, among others, that the deputy-sheriff would "at the termination of his appointment * * * account to and with the said Lewis R. Stegman * * * for all moneys collected or received by him as such deputy-sheriff, as aforesaid, * * * and will pay over all moneys collected by him as aforesaid, and remaining in his hands." From an order overruling a demurrer to the complaint the defendant, Hollingsworth, appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Fernando Solinger,* for appellant.　*A. M. & G. Card,* for respondent.

BARNARD, P. J.　The paper set forth in the complaint rests upon a good consideration. It was given upon the appointment of Francis S. Hodgekinson as under-sheriff of Kings county by the plaintiff, who was the sheriff. It recites that it is sealed, but in fact it was not. It was not given for a past consideration, but the entire official duty of the under-sheriff thereafter was to be secured by it. An agreement of indemnity is good by parol. The consideration was original and direct as between the sheriff and the defendant. The appointment depended on it, and the promise rested on the appointment. The paper covered moneys received after the sheriff's official term was ended. The business out of which the claim arises was placed in the sheriff's hands, and through him into the hands of the deputy-sheriff. Code, § 184. The surety was bound by a failure to pay over money even if the sheriff be not called upon to pay the same. *Willet v. Stewart,* 43 Barb. 98. The under-sheriff has no right to keep the money for which the sheriff is liable until he is assured that the sheriff will pay it over to the party entitled thereto. The judgment should be therefore affirmed, with costs. All concur.