JOHN E. NORCROSS, Receiver, etc., of LEWIS R. STEGMAN, Respondent, v. HENRY S. HOLLINGSWORTH, Appellant, Impleaded with Another.

*Receiver in supplementary proceedings of a person holding the office of sheriff — what property passes to him — when he cannot maintain an action on a bond given by the under sheriff.*

The receiver of a judgment debtor appointed in supplementary proceedings takes title to such property as the judgment debtor was possessed of or entitled to at the date of the order appointing him, and takes no title to after-acquired property, and he cannot claim or enforce any right that becomes vested in the judgment debtor subsequent to the order appointing him receiver.

Where it is not shown upon the trial of an action brought, by the receiver appointed in supplementary proceedings of the property of a person holding

the office of sheriff, upon an undertaking given by the under sheriff to such sheriff for the faithful discharge of his duties as such under sheriff, that the sheriff had actually paid certain moneys, which had been converted by the under sheriff, to the person entitled to receive the same, a motion to dismiss the complaint should be granted, as the sheriff's right to receive the moneys converted by the under sheriff was an official right and not one that belonged to him as an individual, and would not pass to the receiver of his property.

APPEAL by the defendant, Henry S. Hollingsworth, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 14th day of July, 1893, upon the verdict of a jury rendered after a trial at the Kings County Circuit.

The plaintiff in this action was appointed, in proceedings supplementary to execution, receiver of all the property, debts, equitable interests, rights and things in action, effects and estate, real and personal, of Lewis R. Stegman.

*Fernando Solinger*, for the appellant.

*M. L. Towns*, for the respondent.

BROWN, P. J.:

The plaintiff was appointed receiver of the property and effects of Lewis R. Stegman by an order of a judge of the City Court of Brooklyn, dated April 15, 1884. At that date Stegman was sheriff of Kings county. Francis S. Hodgkinson had been duly appointed under sheriff by Stegman, and on the 5th day of January, 1882, the defendant and Hodgkinson executed and delivered to Stegman a bond in the penalty of $10,000, conditioned for the faithful discharge by Hodgkinson of the duties of under sheriff, and the payment and discharge by him of all liabilities incurred by said Stegman by and through any act of said Hodgkinson as such under sheriff.

Subsequent to the appointment of the plaintiff as receiver a judgment of foreclosure and sale was executed by Hodgkinson. The judgment directed the sale of certain real estate in Kings county by the sheriff, and that after payment of the amount due upon the mortgage, together with certain taxes and assessments and costs, he should deposit the surplus with the treasurer of Kings county within five days after receiving the same.

Hodgkinson received the money on the sale of the real estate in

June, 1885, and after making the payments directed by the judgment, there remained a surplus of about $3,000, which, after demand, he failed to deposit with the county treasurer or pay over to the sheriff. This action was brought upon the bond given by Hodgkinson and the defendant to the sheriff, and the claim is for the surplus arising from the foreclosure sale.

At the close of the evidence the defendants moved to dismiss the complaint upon the grounds, among others, that the plaintiff had no title to the cause of action.

This objection, we think, was well taken, and is fatal to the judgment. There is no allegation in the complaint that the sheriff had paid the surplus to the county treasurer, nor was there any proof of that fact. Hodgkinson was bound to pay over the money to the sheriff upon his demand, but the sheriff's right to receive the money was an official right and not one that belonged to him as an individual. He had not been compelled to pay over the surplus money, hence, he had suffered no actual damage by reason of Hodgkinson's defalcation. He was liable for Hodgkinson's default, but such liability flowed from their official relation.

It follows that the money sought to be recovered in this action was not Stegman's property. While he had a right to receive it, his receipt of it would be as sheriff, and he would have been bound, immediately upon its receipt, to have deposited it with the county treasurer, as directed by the foreclosure judgment.

The plaintiff represents Stegman's creditors, and he has title to such property as Stegman possessed individually at the date of the appointment. He had no title and no right to receive trust funds which Stegman was entitled to receive as sheriff. But if it could be shown that Stegman had made good Hodgkinson's default, and had a right of action upon the bond in suit for damages sustained which would belong to him individually, and would be applicable to the payment of his debts, the plaintiff could not recover upon the evidence now before us. The judgment of foreclosure under which the sale was made by Hodgkinson was granted nearly three months after plaintiff was appointed receiver, and the cause of action arising from the failure to comply with its direction as to the surplus money did not arise until June, 1885.

130 PEOPLE ex rel. GORING v. PRESIDENT, ETC.

SECOND DEPARTMENT, DECEMBER TERM, 1894. [Vol. 83.

The receiver took title to such property as Stegman possessed or was entitled to at the date of the order appointing him. He takes no title to after-acquired property, and cannot, therefore, claim or enforce any rights which become vested in the debtor subsequent to the order appointing him receiver. (*Dubois* v. *Cassidy*, 75 N. Y. 298; *Campbell* v. *Genet*, 2 Hilt. 290; *Thorn* v. *Fellows*, 5 Wkly. Dig. 473; *Masten* v. *Amerman*, 51 Hun, 244; *Columbian Institute* v. *Cregan*, 3 N. Y. St. Repr. 287.)

The claim asserted in this suit was property Stegman acquired after plaintiff's appointment, and, consequently, never vested in him as receiver.

For this reason the motion to dismiss the complaint should have been granted.

The judgment must be reversed and a new trial granted, costs to abide the event.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.