HERRICK, J.
—This is an appeal from an order dismissing the-plaintiff’s complaint, and from a judgment entered thereon. The action is one under what is known as the “ Civil Damage Act.” The complaint, by appropriate allegations, sets forth the sale of intoxicating liquors by the defendant to plaintiff’s husband on the fourth day of November, 1893, whereby her husband became intoxicated, and injury resulted therefrom to the plaintiff. That such sale took place in the town of Walton, in the county of Delaware. And the plaintiff alleges that prior to such sale, at the annual town meeting held in the town of Walton for the year 1892, the town of Walton, and the electors thereof, by a vote of the majority, voted for local prohibition, and against granting-licenses for the sale of intoxicating liquors in said town. The same allegation is repeated in relation to the annual town meeting for the town of Walton held in February, in the year 1883. And the plaintiff alleges that neither of said votes has been reversed, and that no license for the sale of spirituous or intoxicating liquors has been issued to the defendant, nor any person or persons in the town of Walton, on the fourth day of Noveniber, 1892, or at any time six years prior thereto. The complaint was-dismissed, on the ground that there was no allegation in the complaint that any written notice was ever served upon the defendant not to sell liquor to the plaintiff’s husband. The plaintiff contends that there is no necessity for any such allegation in the complaint, or for the service of any such notice.
This action is founded upon chapter 646 of the Laws of 1873, and that statute makes no provision for the service of any notice.
In 1892, by chapter 401, entitled “An act to revise and -consolidate the laws regulating the sale of intoxicating liquors,” it was provided, by section 40, that:
“No recovery shall be had in any civil action brought to recover damages suffered by reason of the intoxication of any person against a person or persons who shall by selling or giving away any intoxicating drink, have caused such intoxication, unless one of the persons who might have such a cause of action, in case of damage, shall, prior to such sale or giving away, have given written notice to the person selling or giving away such in *707 toxicating drink, forbidding such sale or giving away to the person whose intoxication shall have caused such damage.”
Section 41 of chapter 401 reads as follows ;
“ Hothing herein except section thirty-one, shall in any manner apply to any town vfhere the majority of voters have voted for or hereafter vote for local prohibition until such town shall reverse by vote such local prohibition.”. 1
Section 31 makes the sale of liquors without a license a misdemeanor, and the plaintiff’s contention is that, section 41 having made all the sections of chapter 401 excepting section 31 inapplicable to towns which have voted for local prohibition,' and the town of Walton (where the defendant resides, and sold the liquor to plaintiff's husband) having voted for local prohibition, and not having reversed that vote, section 40, requiring notice to be given, docs not apply to persons selling liquor within the town of Walton. If the legislature had stopped at the enactment of chapter 401, I should hold that the plaintiff’s contention was correct; but in the same year, by chapter 403, entitled “An act in relation to excise," which was signed and became a law one hour after chapter 401 became a law, the legislature provided as follows:
“A recovery may be had in a civil action, of the damages suffered by reason of the intoxication of any person, from any person or persons who shall by selling or giving away intoxicating drink, have caused such intoxication, or from any persons owning or renting or permitting the occupation of any building or premises wherein such or giving away shall have occurred, jointly with the person or persons selling or giving away, or severally, if the person or persons suffering such damage, shall previous to such selling or giving away, have written notice to the licensee or his agents or the person or persons so selling or giving away forbidding such selling or giving away to the person whose intoxication shall have caused such damage, and not otherwise.”
The plaintiff’s contention is that the notice required is only to he served upon those persons who have a license for the sale of liquors or their agents; that the words “ or the person or persons,” following after the words “licensee or his agents,” are limited in their meaning by the prior words, and the words “ person or persons ” are to be construed in the same sense as the words “licensee or his agents,”—that is, to persons who are lawfully selling liquors in pursuance of a license. And he invokes the rule of “noscitur a sociis.”
I do not think that that rule can be applied in this case. It does not seem to me that when the legislature, in section 2 of chapter 403, used the words “ person or persons,” it intended to limit their meaning and restrict their application to those defined by the previous words, “licensee or his agents.” Such a construction renders the words “ person and- persons ” useless. It is to be presumed that the legislature had some meaning in using the words they did, and that none of them were used without a definite meaning and intent. In Quinlan v. Welch, 141 N. Y. 158-164; 56 St. Rep. 630, it was held that the effect of section 2 *708 of chapter 403 of the Laws of 1892 was to increase the number of persons upon whom notice might be served. I think that the true meaning and intent of the law is that, before any person, whether licensed or unlicensed, can be held liable under the civil damage law for selling or giving away liquor, notice must be served upon him, or, if he has a license, either upon him personally or upon his agent.
The judgment should therefore be affirmed, with costs and disbursements.
All concur.