ment and order affirmed. ADAMS, J., not voting.

SCHWARTZ, Respondent, v. NEW YORK EL. R. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. June 19, 1896.) Action by Jacob Schwartz against the New York Elevated Railroad Company and another. R. L. Maynard, for appellants. E. W. Tyler, for respondent. No opinion. Judgment affirmed, with costs.

SHIDLOVSKY v. LEVY. (Supreme Court, Appellate Division, First Department. June 19, 1896.) Action by Morris Shidlovsky against Lazarus Levy. No opinion. Motion denied.

SHIELDS, Respondent, v. CENTRAL PARK, N. & E. R. R. CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 23, 1896.) Action by Ellen Shields against the Central Park, North & East River Railroad Company, impleaded with Thomas Ritch and William T. Ritch. No opinion. Judgment and order affirmed, with costs. All concur.

SIMONSON v. WALLER et al. (Supreme Court, Appellate Division, First Department. May 25, 1896.) Action by William H. Simonson, as trustee, etc., against George A. Waller and others, impleaded, etc. No opinion. Motion denied.

In re SLEVIN. (Supreme Court, Appellate Division, First Department. June 5, 1896.) In the matter of the application of James Slevin, etc. No opinion. Application dismissed.

In re SLOUGH. (Supreme Court, Appellate Division, Second Department. June 23, 1896.) Application of Martin Slough for admission to practice. No opinion. Petition granted, and applicant may take the oath.

SMITH, Respondent, v. BEACH, Appellant. (Supreme Court, Appellate Division, Third Department. May 21, 1896.) Action by Sarah M. Smith, as administratrix, etc., against Arad S. Beach. No opinion. Judgment affirmed, with costs. All concur.

SMITH v. CRAWFORD. (Supreme Court, Appellate Division, First Department. June 19, 1896.) Action by Catherine H. Smith against George Crawford. No opinion. Motion denied, upon payment of $10 costs.

SNYDER, Appellant, v. LAUNT, Respondent. (Supreme Court, Appellate Division, Third Department. April 27, 1896.) Action by Dora Snyder against Peter E. Launt. No opinion. Motion for reargument denied, with $10 costs and disbursements. All concur. See 37 N. Y. Supp. 408.

SPATH, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 16, 1896.) Action by Henry Spath, by Charles Spath, his guardian ad litem, against the Brooklyn Heights Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs. All concur.

STEDEKER, Respondent, v. PINTO, Appellant. (Supreme Court, Appellate Term, First Department. June, 1896.) Action by Evelyn Stedeker against Cesar L. Pinto. Jones & Covin, for appellant. Samuel Johnson, for respondent. No opinion. Upon argument, appeal was dismissed, with costs and disbursements. See 38 N. Y. Supp. 1149.

STEGMAN, Sheriff, Respondent, v. HOLLINGSWORTH, Appellant. (Supreme Court, Appellate Division, Second Department. June 16, 1896.) Action by Lewis R. Stegman, as late sheriff of Kings county, against Henry S. Hollingsworth. Fernando Solinger, for appellant. A. M. & G. Card, for respondent.

PRATT, J. The appellant relies chiefly upon three points, viz.: (1) That the money, being received by Hodgkinson after the term of Stegman had expired, was taken by him in his private capacity, and not as undersheriff; (2) that the bond sued upon did not cover money received after the sheriff's official term was ended; (3) that the action will not lie until the sheriff has in fact paid over the money to those entitled to receive it. The action has been before the general term on various occasions. At the December term, 1891, it was held that Hodgkinson received the money in his official capacity, as undersheriff. See Stegman v. Hollingsworth (Sup.) 16 N. Y. Supp. 820. When next before the general term (reported without opinion, 62 Hun, 620, 16 N. Y. Supp. 820), it was held that the bond covered money received after the sheriff's official term was ended, and that the surety is bound by a failure to pay over the money, even if the sheriff be not called upon to pay the same (citing Willet v. Stewart, 43 Barb. 98); that the undersheriff has no right to keep money for which the sheriff is liable, until assured that the sheriff will pay it over to the party entitled to receive it. Under these decisions the trial judge was clearly bound to rule those points in favor of the plaintiff. Nor do we think this court should now reconsider the decisions. So to do would bring needless confusion into our practice, and if errors were committed they should be set right by the court of ultimate resort. That was apparently the view of the general term (Dec., 1894), as these points were not then considered, but the judgment in favor of plaintiff was reversed upon another point. See report of this case,—Norcross v. Hollingsworth, 83 Hun, 127, 31 N. Y. Supp. 627. Judgment affirmed, with costs. All concur.

STEINBERG, Respondent, v. ROSENTHAL, Appellant. (City Court of New York, General Term. May 23, 1896.) Action by Dora Steinberg against Samuel Rosenthal. A. H. Berrick, for appellant. E. Rosenthal, for respondent.

McCARTHY, J. This is an appeal from an order allowing plaintiff to sue as a poor person. While it is true that the equities may be with the defendant, yet, the court having the right