PRATT, J.
The appellant relies chiefly upon three points, viz.: (1) That the money, being received by Hodgkinson after the term of Stegman had expired, was taken by him in his private capacity, and not'as undersheriff ; (3) that the bond sued upon did not cover money received after the sheriff's official term was ended ; (3) that the action will not lie until the sheriff has in fact paid over the money to those entitled to receive it. The action has been before the general term on various occasions. At the December term, 1891, it was held that Hodgkinson received the money in his official capacity, as under-sheriff. See Stegman v. Hollingsworth. (Sup.) 16 N. Y. Supp. 820. When next before the general term (reported without opinion, 62 Hun, 620, 16 N. Y. Supp. 820), it was held that the bond covered money received after the sheriff’s official term was ended, and that the surety is bound by a failure to pay over the money, even if the sheriff he not called upon to pay the same (citing Willet v. Stewart, 43 Barb. 98); that the undersheriff has no right to keep money for which the sheriff is liable, until assured that the sheriff will pay it over to the party entitled to receive it. Under these decisions the trial judge was clearly hound to rule those points in favor of the plaintiff. Nor do we think this court should now reconsider the decisions. So to do would bring needless confusion into our practice, and if errors were committed they should "be set right by the court of ultimate resort. That was apparently the view of the general term (Dec. 1894), as these points were not then considered, but the judgment in fav- or of plaintiff was reversed upon another point. See report of this case,— Norcross v. Hollingsworth, 83 Hun, 127, 31 N. Y. Supp. 627. Judgment affirmed, with costs. All concur.