My opinion is that the plaintiff is entitled to judgment. And a reference is ordered, to compute the amount due on the mortgage.

[NEW YORK SPECIAL TERM, June 21, 1858. *Ingraham,* Justice.]

---

STEWART, receiver &c., *vs.* BEEBE and others.

In an action by a receiver, it is not necessary for the plaintiff, in his complaint, to set out all the proceedings by which he was appointed. It is sufficient if he states the mode of his appointment.

Thus where the complaint showed the plaintiff to be receiver of the Bowery Bank, appointed by the supreme court, by an order made on a specified day, on condition of filing security; and that such security was given accordingly; *Held* that enough was stated to enable the defendant to take issue upon the legality of the plaintiff's appointment, if he chose to do so. Demurrer overruled.

Stewart *v.* Beebe.

DEMURRER to complaint.   The action was brought upon a promissory note, made by one of the defendants, and indorsed by the other, to the Bowery Bank.   The complaint alleged "that by an order of the supreme court of the state of New York, made at the City Hall of the city of New York, on the 5th day of November, 1857, the plaintiff was duly appointed receiver of the Bowery Bank, of the city of New York, upon filing certain security therein mentioned; which said security was duly filed on the 6th day of November, 1857; and that the plaintiff thereupon entered upon the duties of his appointment, and is now in the lawful possession of the property and effects of said Bank, as receiver thereof." The complaint then set forth the making and indorsement of the note in suit; and waiver of demand of payment and notice of protest; and admitted the payment of a part of the amount of the note.   And the plaintiff alleged that he, as receiver as aforesaid, was the lawful owner and holder of the said note, and that the defendants were indebted to him as such receiver, thereon, in a specified sum, with interest; for which amount the plaintiff demanded judgment.

The defendants, by their demurrer, specified the following grounds of objection to the complaint.

1. That it did not appear by such complaint that the plaintiff had legal capacity to sue.

2. That the complaint did not state facts sufficient to constitute a cause of action.   (1.) That it did not appear that the Bowery Bank was a corporation, created under the laws of this or any other state.   (2.) That it did not appear that such bank was insolvent; (3.) That it did not appear that said bank was declared to be insolvent, by any court of competent jurisdiction.   (4.) That it did not appear that the necessary legal steps were taken to have such bank declared insolvent.   (5.)   That it did not appear that the necessary legal steps were taken to have a receiver of such bank appointed.   (6.) That it did not appear that the plaintiff was legally or properly appointed receiver of such bank. (7.) That

it did not appear that stockholders owning stock in such bank in the aggregate exceeding one-tenth part of the capital paid in applied to have such bank declared insolvent and a receiver thereof appointed. (8.) That it did not appear that the sureties given by the plaintiff were approved. (9.) That it did not appear where such security was filed. (10.) That in other particulars the complaint did not state facts sufficient to constitute a cause of action.

*W. Slosson,* for the plaintiff.

*Beebe, Dean & Donohue,* for the defendants.

INGRAHAM, J. This action is brought by the receiver of the Bowery Bank. The complaint describes the plaintiff as having been duly appointed receiver, by an order of the supreme court, &c. The demurrer states as grounds of demurrer : 1. That the plaintiff has not legal capacity to sue. The objection to the allegation in the complaint respecting the mode of the plaintiff's appointment, is that the appointment must be made by a judge, out of court, and not by the court itself. And sections 236 to 239 of the statute (1 *R. S. 4th ed. p.* 1162,) are referred to as authority therefor.

By the law, as passed originally, (2 *R. S. p.* 464,) it will be seen that the power of appointing receivers was vested in the court of chancery, and not in the chancellor. The subsequent transfer of power from that court, under the new constitution, was to the supreme court, and not to a justice of that court. By the statute of 1848 (*Laws of* 1848, *ch.* 226,) provision is made for the proceedings under which the receiver, here, was appointed ; and that statute authorizes the application to be made to a justice of the supreme court. In some places it is said to be made to a justice of the court for the proper order ; in other sections of the act, the order is to be made by a justice, at any special term. The 25th section recognizes the right of appeal from any such order, and I see nothing to prevent the order from being entered by the justice

Stewart *v.* Beebe.

making it, at any term of the court, in the same manner as other orders.

2d. It is also averred as a ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action; because it does not state the facts necessary to show that the order appointing a receiver were such as were required by statute.

It never was necessary to set out all the proceedings by which a receiver was appointed. On the contrary, it was sufficient to aver that he was appointed receiver; the court by which the appointment was made, and the date of the order. Even this was not necessary where the action was on a note held by a banking institution, or was brought for property of an insolvent debtor; because in such a case the receiver was author- ized to sue in his own name or otherwise. (*Gillet* v. *Fairchild*, 4 *Denio*, 82. *Haxtun* v. *Bishop*, 3 *Wend.* 16.)

Since the code, it has been held that a plaintiff suing as a receiver must allege his authority, in the complaint. (*Bangs* v. *McIntosh*, 23 *Barb.* 591.) In *White* v. *Joy* the court say "the receiver must set out the proceeding, so that the court may see that the appointment was legal.. In such a case the appointment of the receiver is a part of the plaintiff's title. It is like the granting of letters testamentary or of administration. Unless the fact is stated, the plaintiff does not show any right to sue." Mr. Justice Marvin also says, "If the plaintiff claimed in his character of receiver he should have inserted the proper averments in the body of his complaint, to show his right to maintain his suit in that character, and his title to the note." These decisions all refer to the mode of pleading, as in the case of administrators or executors, and to the case of *Beach* v. *King*, (17 *Wend.* 197,) as authority. In that case Justice Bronson has pointed out what is necessary. He says: "The proper mode of pleading is by a direct allegation that such letters were granted. ※ ※ ※ He should have stated how he was appointed, and then the court could determine its sufficiency, upon demurrer."

In these decisions, no reference appears to be made to the section of the revised statutes allowing receivers to sue in their own names; or to the subsequent statute, passed in 1845, (*Laws of* 1845, *ch.* 112,) which provides expressly that such receivers may sue in their own names for any debt, claim or demand transferred to them, or to the possession of which they are entitled.

I do not understand these decisions as requiring a receiver to set out all the proceedings by which he was appointed, but merely that he show the mode of his appointment.   I consider this sufficiently done in the present case.   The complaint shows the plaintiff to be receiver of the Bowery Bank, appointed by the supreme court, by an order made on a day named, upon filing security ; and that such security had been filed.   Enough is stated to enable the defendant to take issue upon the legality of the appointment, if he pleases.

Judgment for the plaintiff on demurrer, with leave to the defendant to withdraw his demurrer, and answer on payment of costs.

[NEW YORK SPECIAL TERM, June 21, 1858.   *Ingraham,* Justice.]