### YOUNGS v. KLUNDER.

### ALLEN v. SAME.

*(City Court of New York, General Term. November 7, 1889.)*

SUPPLEMENTARY PROCEEDINGS—TITLE OF RECEIVER—PRIORITY.

After an order for the examination of a judgment debtor was made and served in supplementary proceedings, a junior judgment creditor procured an order for the examination of the debtor, to which the latter submitted without service of the order, and a receiver was appointed. The receivership was afterwards extended to plaintiff's judgment. *Held*, under Code Civil Proc. N. Y. § 2469, providing that the title of a receiver shall relate back, for the benefit of the judgment creditor in whose behalf the proceedings were instituted, to the service of the order for examination, that plaintiff's judgment was a prior lien on the funds in the receiver's hands.

Appeal from special term.

Thomas Youngs, Jr., a judgment creditor of Marie C. Klunder, moved that his judgment have priority of payment from funds in the hands of a receiver appointed of the defendant's property in proceedings supplementary to execution founded on a subsequent judgment recovered by William S. Allen. From an order denying the motion the plaintiff Youngs appeals.

Argued before McADAM, C. J., and McGOWN and HOLME, JJ.

*W. MacFarlane*, for appellant. *Ingraham & Allen*, for receiver, and for Allen.

McADAM, C. J. The appellant, Thomas Youngs, Jr., recovered judgment against the defendant June 22, 1889, for $1,025. On August 30, 1889, an order was made thereon for the defendant's examination as a judgment debtor. The order was returnable September 10, 1889, and was personally served upon her September 6, 1889. On September 10, 1889, the defendant was examined under said order, and on her examination it then appeared that one Allen had recovered a subsequent judgment against her, and that on September 9, 1889, she had voluntarily submitted to an examination as a debtor under Allen's judgment,—no order for examination having been served,—and that a receiver had been appointed in the Allen suit, on the application of his attorney, immediately upon the close of her examination. The receivership was thereupon extended to the Youngs judgment. Youngs thereupon applied to have the Allen judgment subordinated to his, that his priority of judgment, of proceeding, and of right might be preserved unimpaired by the subsequent proceeding had on the Allen judgment, before referred to. The application was denied. This was error. Code, § 2469; *Guggenheimer* v. *Stevens*, 26 N. Y. St. Rep. 245; *Bevans* v. *Pierce*, 1 City Ct. R. 260; Throop's note to section 2469 of his edition of the Code; Rid. & B. Supp. Proc. 427, 431. The extension of the receivership made the title of the receiver relate back to the time when the order on the Youngs judgment was served for the benefit of the creditor in that proceeding. Code, § 2469. The fund in the hands of the receiver is not there for the benefit of Mr. Allen, or any particular judgment creditor. It is *in custodia legis*, for those creditors who establish a right to it, according to the respective priorities of their judgments; and these, in respect to personalty, are determined by the dates when the respective proceedings were commenced. To hold otherwise would lead to collusive preferences by judgment debtors, and the appointment of friendly receivers to suit their convenience and further their interests. The judgment creditor Youngs was, in everything but the appointment of the receiver, prior in time, and is legally and equitably prior in right. Technically speaking, no receiver should have been

appointed without notice to Youngs, (Code, § 2465,) one object of which Code requirement is to prevent collusive applications. Upon the entire record, it is evident that Youngs was prosecuting his proceeding with diligence, and that his efforts should not be superseded by a proceeding founded on a subsequent judgment. It follows that the order appealed from must be reversed with costs, and the application made below granted. All concur.