## *In re* BEECHER'S ESTATE.
### *In re* O'CONNOR.
#### (*Supreme Court, General Term, Second Department.* July 22, 1892.)

1. PLEADING—RECEIVERSHIP—SUFFICIENT AVERMENT.
    In proceedings before the surrogate by petition of the receiver of a beneficiary under a will to compel the executors to account, an allegation that the applicant was appointed receiver in a certain proceeding named is a sufficient averment of petitioner's title.
2. SAME—ANSWER—BURDEN OF PROOF.
    A denial, in the answer, of such appointment, casts on the petitioner the burden of proving it.
3. COUNTERCLAIM.
    In such proceeding, the executors cannot set up as a counterclaim a judgment recovered against petitioner as receiver, and transferred by the judgment creditor to the executors after the receiver's appointment.
4. WHEN TRUST FUND EXEMPT FROM RECEIVER'S CLAIM.
    The rule that a receiver cannot reach a trust fund, but that the creditor must himself proceed by an action in equity, applies only where the trust is to receive

the rents and profits to be applied to the use of the beneficiary, and not where the trust is merely to convert and distribute.

5. ACCOUNTING—EXECUTORS—REALTY HELD IN TRUST.

That the executors had accounted to the legatees for testator's personalty did not relieve them from accounting to a receiver of one of such legatees for the proceeds of the real estate, even though such realty was held under certain trusts, which remained unexecuted.

Appeal from surrogate's court, Kings county.

Petition of Charles E. O'Connor, as receiver of the property of Herbert Foote Beecher, a judgment debtor, to compel the executors of the estate of Henry Ward Beecher to account. From an order of the surrogate granting the petition the executors appeal. Reversed.

The petition alleged the appointment of petitioner as receiver, and as such entitled to all the interest of the judgment debtor in the estate of Henry Ward Beecher remaining in the hands of the executors, and averred that as such receiver judgment had been recovered against him for a specific amount. The answer alleged that such judgment had been transferred to the executors, who held the same as a claim against petitioner, and averred that petitioner had no right to prosecute his claim until such claim or judgment was paid. The answer further alleged that before the appointment of the petitioner the executors had sold all the personal property, and accounted therefor to the legatees, and that the only property in their hands was real estate, which was held in trust under certain trusts created by testator's will, which trusts had not yet been executed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

W. C. Beecher, for appellant. Leavitt & Leavitt, for respondent.

CULLEN, J. This is an appeal from an order of the surrogate directing the executors of the will of Henry Ward Beecher to account. The petitioner applies as receiver of the property of Herbert F. Beecher, a son of the testator and a beneficiary under the latter's will. The records show that the application was granted on the petition and answers alone, the order reciting, "and the parties having only submitted the same." The petition alleged that the applicant was appointed receiver in a certain proceeding named. This was a sufficient allegation of the petitioner's title. He was not bound to plead each step in the proceeding to show his appointment was valid. That could be proven on the hearing, if his appointment was put in issue. Rockwell v. Merwin, 45 N. Y. 166; Stewart v. Beebe, 28 Barb. 34. His appointment as receiver, if unchallenged, prima facie entitled the petitioner to the relief granted. The point that a receiver cannot reach a trust fund, but that the creditor must himself proceed by an action in equity, has no application to this case. That rule applies only where the trust is to receive the rents and profits, and to apply them to the use of the beneficiary. The will does not appear in the record before us, but, so far as can be gathered from the petition and answer, the trust is only to convert and distribute.

Several affirmative matters are set forth in the answer of the executors, none of which were sufficient to require a denial of the application. The alleged counterclaim of the executors could not be tried before the surrogate. The alleged assignments of the judgment debtor's interest in the estate were subsequent to the appointment of the petitioner as receiver. That the executors had accounted to the legatees for substantially all the personal property did not relieve them from accounting for the proceeds of the real estate.

But there is one error, for which, on this record, we must reverse the order below. As already stated, the allegation that the petitioner was duly appointed receiver sufficiently pleaded that fact. But the executors by their answer denied a valid appointment. It was not necessary for them to point out in their answer what defect there was in the petitioner's appointment, for the various steps in the proceeding leading to that appointment had not

been pleaded. The answer was therefore sufficient to raise the issue, and the petitioner was not entitled to his order until he had proved his appointment. We give effect to this error with some reluctance, since it is possible that the facts concerning the petitioner's appointment were conceded on the hearing below. In his opinion the learned surrogate refers to the decision of this court in *O'Connor* v. *Bank,* (Sup.) 7 N. Y. Supp. 380, to show that the petitioner's appointment was valid. But the difficulty is that the evidence which established that fact in the case cited is not in this proceeding. Since the point is expressly taken, we must decide this appeal on the record before us. The order appealed from must be reversed, without costs, and the proceedings remitted to the surrogate for further hearing and proof. All concur.