PEOPLE ex rel. DUVALL v. COCKS et al., Town Board.

(Supreme Court, Appellate Division, Second Department.   May 25, 1914.)

EXECUTION (§ 409*)—RECEIVERS—PROPERTY SUBSEQUENTLY ACQUIRED.

 A receiver in supplementary proceedings acquires no right in property of the judgment debtor acquired after the receiver's appointment.

 [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1173–1179; Dec. Dig. § 409.*]

Appeal from Special Term, Nassau County.

Mandamus by the People, on relation of Robert W. Duvall, as receiver of Edward J. Meehan, an insolvent, against James H. Cocks and others, comprising the Town Board of Oyster Bay.   From an order directing respondents to pay a balance due the insolvent to the receiver, and from part of an order denying an application for a reargument of the original motion, defendants appeal.   Reversed.

Argued before JENKS, P. J., and BURR, RICH, STAPLETON, and PUTNAM, JJ.

George B. Stoddart, of Mineola, for appellants.
John P. McCarthy, of Glen Cove, for respondent.

BURR, J.   The members of the town board of Oyster Bay appeal from an order of the Special Term of the Supreme Court directing that a peremptory writ of mandamus issue.   The order as first entered directed that a peremptory writ issue, requiring said board to forthwith pay to relator the sum of $100, the balance due Edward J. Meehan for services rendered to the board of assessors of the town of Oyster Bay as clerk during the year 1910, in pursuance of a resolution adopted by the electors of the town at a town meeting held November 4, 1913.   Subsequently that order was resettled, directing that a peremptory writ of mandamus issue, "requiring said town board to forthwith effectuate the following resolution adopted by a majority of the electorate of the town of Oyster Bay, at the town election held in the fall of 1913."   This resolution was as follows:

 "Resolved, that the sum of one hundred ($100) dollars be appropriated to pay the balance due Edward J. Meehan, of Sea Cliff, New York, for services rendered the board of assessors of the town of Oyster Bay, Nassau county, New York, as clerk during the year 1910, and that this amount so appropriated be levied and collected against taxable property of the said town in the same manner as other taxes are levied and collected or by bonding the said town for said amount in any manner authorized or prescribed by law."

It would appear from the answering affidavits which, for the purposes of the application herein made, must be taken to be true, that in April, 1909, John Purvogel was appointed clerk to the board of assessors of the town of Oyster Bay, and served in that capacity until June 1, 1910, when he tendered his resignation to said board, which was accepted by them.   Purvogel's salary was $50 a month, and was paid to him by the supervisor of the town, and from the books kept by him it would appear that he was paid in full until June 1, 1910.

About May 8, 1911, Edward J. Meehan presented a claim to the board of audit of said town for services which he claims that he rendered to the board of assessors of the town of Oyster Bay for the months of April and May, 1910, during which time John Purvogel was clerk to the board, and for which period said John Purvogel had been paid. The board of audit declined to audit or pay said claim, and thereafter the said resolution was voted upon and carried at the town meeting. On May 18, 1912, Robert W. Duvall, the relator in these proceedings, was duly appointed receiver in supplementary proceedings of the property of Edward J. Meehan, and has duly filed his bond as required by the order appointing him.

Passing without comment the indefiniteness of the order as finally settled, we think that, if this claim has any validity, relator is not in a position to enforce the same because he has no title thereto. Whatever moral obligation may have existed to compensate Meehan for services rendered during 1910, it is quite clear, and respondent in fact concedes, that no legal obligation arose in connection therewith until the adoption of the resolution at the town meeting above referred to. Relator was appointed receiver 18 months prior thereto. By virtue of his appointment as receiver, he could only become vested with such property as the judgment debtor had at the time of the commencement of the supplementary proceedings. Dubois v. Cassidy, 75 N. Y. 298; Browning v. Bettis & Garrow, 8 Paige, 568; Norcross v. Hollingsworth, 83 Hun, 127, 31 N. Y. Supp. 627; Matter of Walker, 157 App. Div. 609, 142 N. Y. Supp. 972. At that time this claim was not the property of Meehan.

The orders appealed from should be reversed, with $10 costs and disbursements, and motion for peremptory writ of mandamus denied, with $25 costs. All concur.