PEOPLE ex rel. Robert W. DUVALL, appellant, v. James H. COCKS, as Supervisor of the Town of Oyster Bay, etc., respondent. Appeal No. 1. (Supreme Court, Appellate Division, Second Department. June 9, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur. See, also, 162 App. Div. 453, 147 N. Y. Supp. 829.

PEOPLE ex rel. Robert W. DUVALL, respondent, v. James H. COCKS, as supervisor of the Town of Oyster Bay, etc., appellant. Appeal No. 2. (Supreme Court, Appellate Division, Second Department. May 26, 1916.) Order affirmed, with $10 costs and disbursements. See People ex rel. Luyster v. Cocks and others, 158 N. Y. Supp. 1024, decided in this Court May 12. 1916. Jenks, P. J., and Thomas, Carr, Stapleton, and Rich, JJ., concur.

PEOPLE ex rel. Hermann E. GOLD-SCHMIDT, applt., v. Eugene M. TRAVIS, State Comptroller, respt. (Supreme Court, Appellate Division, Third Department. May 18, 1916.) Motion granted.

PEOPLE ex rel. Oscar A. J. HAGUE, relator, v. Arthur WOODS, as Police Commissioner of the City of New York, respondent. (Supreme Court, Appellate Division, Second Department. June 16, 1916.) Determination confirmed, and writ dismissed, with $50 costs and disbursements. No opinion. Mills, Rich, and Putnam, JJ., concur. Jenks, P. J., and Stapleton, J., concur upon the first and second specifications only.

PEOPLE ex rel. Ernest C. HUNT, appellant, v. William A. PRENDERGAST, as Comptroller of the City of New York, respondent. (Supreme Court, Appellate Division, Second Department. May 26, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Stapleton, Mills, Rich, and Putnam, JJ., concur.

PEOPLE ex rel. Ernest C. HUNT, appellant, v. William A. PRENDERGAST, as Comptroller of the City of New York. respondent. (Supreme Court, Appellate Division, Second Department. June 23, 1916.) Motion to resettle order granted.

PEOPLE ex rel. LAKE SHORE & M. S. R. R. CO., applt., v. Edward J. BROWN et al., respts. (No. 1, 1912.) (Supreme Court, Appellate Division, Fourth Department. April 19, 1916.) Judgment and order affirmed with costs. All concur.

PEOPLE ex rel. LAKE SHORE & M. S. R. R. CO.. applt., v. Edward J. BROWN et al., respts. (No. 2, 1913.) (Supreme Court, Appellate Division, Fourth Department. April 19, 1916.) Judgment and order affirmed with costs. All concur.

PEOPLE ex rel. D. Clinton MACKEY. Rel., v. Frank HASBROUCK, Supt., etc., Respt. (Supreme Court, Appellate Division, First Department. June 2, 1916.) Writ dismissed, and proceedings affirmed, with $50 costs. No opinion. Order filed.

PEOPLE ex rel. Patrick J. McGERALD, relator, v. Arthur WOODS, as Police Commissioner of the City of New York, respondent. (Supreme Court, Appellate Division, Second Department. June 29, 1916.) The return to the writ of certiorari is defective, inasmuch as it does not set forth the legal authority of the officer who made the determination to remove relator from the police force of the city of New York. No presumption of jurisdiction arises in this case. People ex rel. Hayes v. Waldo, 212 N. Y. 156, 172, 105 N. E. 961. A new return is therefore directed in which respondent may set forth, if the circumstances warrant it, the authority of the officer who made the determination dismissing the relator, under section 270 of the Greater New York Charter (Laws 1901, c. 466). Jenks, P. J., and Carr, Mills, Rich, and Putnam, JJ., concur.

PEOPLE ex rel. SANBORN MAP COMPANY, respondent, v. Peter CEDER, as president, and Edward C. Logan and Charles A. Pickhardt, as trustees, etc., and another, appellants. Assessment of 1913. PEOPLE ex rel. SANBORN MAP COMPANY, respondent, v. Peter CEDER, president, and Frederick W. Hurttig and Charles A. Pickhardt, as trustees, etc., and another, appellants. Assessment of 1914. (Supreme Court, Appellate Division, Second Department. November 19, 1915.) Judgment reversed, and a new hearing ordered at the Westchester Special Term, with or without a referee as the court there may determine, costs to abide the event, upon the ground that the finding of fact that the assessment of $125,-000 constituted an overvaluation is against the greater weight of the evidence, and it is suggested that the court at Special Term, in its decision to be made, find exactly the real value of the property and the average ratio of assessment to real value upon the roll. Jenks, P. J., and Carr, Stapleton, Mills, and Putnam, JJ., concur.

PEOPLE ex rel. SANBORN MAP COMPANY, respondent, v. Peter CEDER, as president, and others as trustees, of the village of North Pelham, and another, appellants. Assessment of 1915. (Supreme Court, Appellate Division, Second Department. November 19, 1915.) Judgment reversed, and new hearing ordered at the Westchester Special Term, with or without a referee as the court there may determine, costs to abide the event, upon authority of People ex rel. Sanborn Map Co. v. Ceder (Assessments for 1913 and 1914) 159 N. Y. Supp. 1135. Jenks, P. J., and Carr, Mills, Rich, and Putnam, JJ., concur.

PEOPLE ex rel. Otto H. SCHULTZE v. Israel FEINBERG et al. (Supreme Court, Appellate Division, First Department. June 23, 1916.) Motion to dismiss appeal granted. Order filed.