In the Matter of the Supplementary Proceedings and Receivership: ARTEMAS WARD, Judgment Creditor, Appellant, *v.* THOMAS BAKER, Judgment Debtor, Defendant.

MONARCH TYPEWRITER COMPANY and the SMITH PREMIER TYPEWRITER COMPANY, Respondents.

Second Department, March 7, 1919.

Debtor and creditor — supplementary proceeding — extension of receivership to subsequent judgment — distribution of funds — priorities.

The title of a receiver in supplementary proceedings now extends back to the date of the service of the order for the debtor's examination although the receivership has been extended to subsequent judgments.

A receiver takes legal title to the personal property of the judgment debtor for the benefit of the judgment creditor for whom he is appointed receiver and all other judgment creditors to whose judgments the receivership may be extended.

As an order appointing a receiver at the instance of a first judgment creditor stopped the debtor from transferring his property, where the debtor's subsequent earnings were recovered by the receiver it inured to the benefit of a second judgment creditor, for there is no distinction between moneys earned before and after the receivership had been extended to the second judgment.

After the expenses and costs of the receivership and the first judgment creditor have been paid, the second judgment creditor, to whose judgment the receivership has been extended, should next be paid in full, where he alone appealed from an order distributing the fund among all the judgment creditors.

APPEAL by Artemas Ward, judgment creditor, from an order of the County Court of Richmond county, entered in the office of the clerk of said county on the 26th day of October, 1918, directing the distribution of funds in the receiver's hands among six judgment creditors of one Thomas Baker.

These creditors had served on the judgment debtor orders for his examination on the following dates: Smith Premier Typewriter Company, February 13, 1909; Artemas Ward, June 21, 1909; Florence M. Hagely, October 25, 1909; Oliver Typewriter Company, November 12, 1909; Monarch Typewriter Company, January 4/16, 1911; Saunders & Burbank, January 14, 1913.

On April 5, 1910, upon motion of the Oliver Typewriter Company, a receiver was appointed, but on January 15, 1916, Mr. Frederick W. Clifford was substituted. This receivership was extended to the judgment of Florence M. Hagely on April 25, 1910, and to the judgment of Artemas Ward on June 15, 1910. Mr. Clifford brought an action against the city of New York to reach moneys to which the judgment debtor was entitled for services, which the receiver ultimately collected on July 10, 1918.

These earnings were all within the year 1910, in these months: April, $133.30; May, $102; June, $81.60; August $112.50; October, $95; November, $55; December, $108.20; Total, $687.60.

On April 26, 1913, upon motion of the Oliver Typewriter

Company, the receivership was again extended " to include all the supplementary proceedings hereinbefore named and now pending." The receiver reported that " This motion was apparently made on notice to all of the judgment creditors having orders in supplementary proceedings then pending." The order of the learned County Court on the receiver's final accounting, made a distinction between the debtor's earnings prior to June 15, 1910, and subsequent to that date, so that the costs and expenses of the receivership were apportioned by charging forty per cent thereof against the judgment creditors entitled to earnings before that date, and sixty per cent against the judgment creditors entitled to receive such earnings after that date. Only the creditor Ward has appealed.

*Herman S. Hertwig,* for the appellant.

*William E. Gowdey,* for the respondent Monarch Typewriter Company.

*J. Travis King,* for the respondent The Smith Premier Typewriter Company.

PER CURIAM:

The order under review ranks the creditors, after the Smith Premier Company, according to the times when the receivership was extended to their judgments. The receiver's title, however, now extends back to the date of the service of the order for the debtor's examination. (Code Civ. Proc. § 2469.)

A receiver takes the legal title to the personal property of the judgment debtor for the benefit of the judgment creditors for whom he is appointed receiver and of other judgment creditors to whose judgments the receivership may be extended. (*Kennedy* v. *Thorp,* 51 N. Y. 174; *Matter of Walker,* 157 App. Div. 609, 617; *Steinert* v. *Van Aken,* 165 id. 206, 209.) It was immaterial which of the creditors secured the appointment of the receiver, because the order of the Smith Premier Typewriter Company stopped the debtor from transferring his property. The subsequent earnings from the city in 1910, by this order of 1913 became subject to this receivership, without distinction between such moneys earned before and after June 15, 1910.

As Ward alone has appealed, the order should be modified so that after costs and expenses of the receivership (which are not questioned on this appeal) Ward should be paid in full, after the Smith Premier Company. The further readjustment will follow according to dates of service of orders for the debtor's examination.

As thus modified, the order will be affirmed, with ten dollars costs and disbursements to appellant Ward.

JENKS, P. J., MILLS, RICH, PUTNAM and KELLY, JJ., concurred.

Order of the County Court of Richmond county modified in accordance with opinion *per curiam,* and as modified affirmed, with ten dollars costs and disbursements to appellant Ward. Order to be settled on notice before Mr. Justice PUTNAM.