In the Matter of Supplementary Proceedings: FIRST NATIONAL BANK AND TRUST COMPANY OF ELMIRA, Judgment Creditor, against EDWARD J. LOVELL, Judgment Debtor.

Supreme Court, Chemung County, April 16, 1931.

*Donald C. Hawkes*, for the First National Bank and Trust Company, judgment creditor.

*William W. Gregg*, in person.

PERSONIUS, J. Mr. Gregg has the prior judgment against the judgment debtor. The First National Bank and Trust Company, hereinafter called the "bank," has the second judgment. The receiver holds personal property only.

The bank obtained and served an order to examine the judgment debtor in January, 1930. An examination was had in March. On January 24, 1931, the bank obtained and served an order requiring the judgment debtor to appear for further examination on January twenty-seventh. The examination disclosed personal property and the bank immediately applied for and had a receiver appointed on January twenty-seventh.

On January 26, 1931, Mr. Gregg obtained and served an order for the examination of the judgment debtor on January twenty-seventh. At the close of this examination the receivership was extended to Mr. Gregg's judgment.

It is clear, therefore, that the original order for examination obtained by the bank and the order for further examination in the same proceeding, also obtained by the bank, were both *served* before the service of the order for examination obtained by Mr. Gregg.

There are not sufficient funds in the receiver's hands to pay both judgments. The question here is which judgment creditor has priority in the distribution of the funds.

Section 809 of the Civil Practice Act provides that the property of the judgment debtor vests in the receiver from the time of the filing of the order appointing him, and section 810 provides that the receiver's title extends back so as to include personal property of the judgment debtor at the time of the *service* of the order. We conclude that the question of priority in the distribution of personal property in the hands of a receiver in supplementary proceedings is determined, not by the priority of the judgment, but by the priority of the commencement of the supplementary proceedings, that is, the priority as to time of service of the order of examination. (*Stevens* v. *Meriden, etc., Co.*, 160 N. Y. 178, 184; *Youngs* v. *Klunder* and *Allen* v. *Klunder*, 7 N. Y. Supp. 498; *Guggenheimer* v. *Stevens*, Id. 263; *Ward* v. *Baker*, 186 App. Div. 652; *Duffy* v. *Dawson* and *Evans* v. *Dawson*, 2 Misc. 401; *Hubbard* v. *Lewis*, 128 App. Div. 416, 419; 4 Fiero Special Actions 3351–3354.) In *Ward* v. *Baker* (*supra*) there were six judgment creditors and as many supplementary proceedings. The receivership had been extended to all of them and the first to commence a proceeding had been paid in full. The court said: " Ward [the second to start proceedings] should be paid in full * * *. The further readjustment will follow according to dates of service of orders for the debtor's examination."

The bank, therefore, has priority in distribution. Submit order accordingly.