# In the Matter of the Estate of JOSEPH KAUFMAN, Deceased.

Surrogate's Court, New York County, August 24, 1933.

*David Michelsohn*, for the accountants.

*Telsey & Young*, for the objectant, Lexington Concord Corporation.

*Coudert Brothers*, for Lennon & Mitchell, Inc.

DELEHANTY, S. There is no contradiction of the direct testimony that Harry Kaufman specifically assented to the manner of investment of the fund provided by deceased for him. No matter how inadvisable the investment may have been, there is no one here entitled to complain of it, since the objecting creditors and assignees can hold no better status than their assignor or debtor, who makes no criticism of the transactions and who has not been called by any party to testify. The attempted surcharge of the trustees must fail, therefore.

Section 32 of the Personal Property Law governs the priority of assignments of interests in decedents' estates and makes the date of recording the determining fact. No sufficient evidence was presented to warrant holding void the assignment to Grace Electa Hawes, and its priority in date and particularly in record entitles it to satisfaction before any other claimant to the fund is entitled to participate. There being no dispute respecting the other assignments, their relative rank is: (1) Assignment to *The Mirror;* (2) assignment to Lexington Concord Corporation, and (3) assignment to Lennon & Mitchell, Inc.

The receiver in supplementary proceedings took title to the debtor's property possessed by the debtor at the date of service of the order for examination (*People ex rel. Duvall* v. *Cocks,* 162 App. Div. 453), and held such property for the creditor at whose instance the appointment was made as well as for any other judgment creditor who procured extension of the receivership for his benefit. (*Ward* v. *Baker,* 186 App. Div. 652; *Sawyer* v. *Crowell,* 233 id. 484.) As between judgment creditors priority in participation in assets is determined by the dates of respective commencement of the proceedings supplementary to execution and not by the dates of the judgments. (*Matter of First Nat. Bank* v. *Lovell,* 139 Misc. 891.) Nothing is shown as to respective priority except the fact that the order of receivership was first made on the judgment of March 14, 1930, in favor of Robbins Bros., Inc., and was afterward extended to cover the judgment of April 24, 1929, in favor of Paul C. Duxbury. The order of appointment is dated March 20, 1931, as of which date the assignment to *The Mirror* had been recorded. It follows that on the proof here the receiver in supplementary proceedings is deferred in interest to the first two assignments, but takes precedence over the others to the extent necessary to collect the judgments in respect of which the receivership is outstanding, and the costs and expenses thereof.

After the receiver has collected this amount the other assignments participate in the order of their record. The other judgment creditors have no specific claim or lien on the fund due the judg-

ment debtor. Such lien may be established by extension of the receivership or by levy. Their claims are not against deceased and hence section 212 of the Surrogate's Court Act does not apply. They are obliged to take the same steps as are required of any judgment creditor in collecting his due out of the assets of his debtor. (*Matter of Walker*, 157 App. Div. 609.)

The investment of the fund in securities not now readily salable makes it appropriate for the parties in interest to come to an agreement as to the handling of the securities so as to secure reasonably the maximum recovery therefrom. Proceed accordingly.