BAILIS BROTHERS CORPORATION, Judgment Creditor, *v.* CATHERINE FITZGERALD, Doing Business as OLD HEIDELBERG HOF BRAU (Restaurant), Judgment Debtor.

City Court of New York, Bronx County, November 14, 1935.

*Nathan Rosenberg,* for the motion.

*Samuel W. Fisher,* opposed.

DONNELLY, J. This is a motion for a reargument, and, upon such reargument, for an order permitting the Comptroller of the State of New York to pay to the judgment creditors in the order of their service of third party orders upon the State Comptroller.

The State Comptroller now has in his possession the sum of $385 payable to the judgment debtor herein as a refund pursuant to section 127 of the Alcoholic Beverage Control Law on a surrendered license.

. Third party orders were served upon the State Comptroller, as follows:

May 25, 1935, based upon a judgment for $94.78 in favor of the above-named judgment creditor against the judgment debtor herein. This judgment was entered May 9, 1935.

June 11, 1935, based upon a judgment for $50.11 in favor of American Distilling Co., Inc., against the judgment debtor herein.

June 13, 1935, based upon a judgment for $235.90 in favor of Beverwyck Brewery, Inc., against the judgment debtor herein and others.

June 14, 1935, based upon a judgment for $399.35 in favor of Hugo E. Hegeman against the judgment debtor herein.

There is nothing before me to show when the judgments in favor of American Distilling Co., Inc., and of Beverwyck Brewery, Inc., were entered.

Hegeman obtained his judgment on March 22, 1935.

Counsel for the above-named judgment creditor contends that the judgments entered in favor of his client and of the judgment creditors American Distilling Co., Inc., and Beverwyck Brewery, Inc., should be paid in full out of the fund in the hands of the State Comptroller belonging to the judgment debtor, and that the balance, amounting to $4.21, be paid to Hegeman on account of his judgment, for the reason that the creditors who first served the third party orders are so entitled. At bar, the question of the priority in the distribution of personal property in the hands of the State Comptroller is determined, not by the priority of the several judgments, but by the priority of the commencement of the supplementary proceedings; that is, the priority as to the time of service of the order of examination. (*Matter of First Nat. Bank of Elmira* v. *Lovell*, 139 Misc. 891, and cases cited; *Matter of Kaufman*, 149 id. 287.)

The contention of the judgment creditor, Hegeman, that when the judgment debtor surrendered her license for cancellation and refund on May 27, 1935, there was no fund of the judgment debtor to be attached at the time the judgment creditor Bailis Brothers Corporation served its third party order, is without merit. The basis of this contention is that the judgment debtor was not entitled to the refund and there was no money due and owing from the Comptroller until thirty days after the judgment debtor surrendered her license on May 27, 1935; that is to say, until June 27, 1935, prior to which date all of the third party orders herein were served upon the Comptroller. Upon this statement it is claimed that all of the third party orders were premature, and it, therefore, follows that no one creditor is entitled to priority.

The answer to this contention is found in section 127 of the Alcoholic Beverage Control Law. From a perusal of the statute, it is

apparent that any one — certain well-understood exceptions, of course, excluded — who wishes to obtain a license to traffic in alcoholic beverages may do so upon payment of a certain fee. He may cease to engage in the traffic before the expiration of the period for which his license was taken. If he satisfy the authority set up by the statute that he is free of the inhibitions mentioned therein, the State engages with him to refund a certain part of the fee paid by him for the license. This amount is not taken out of the identical money the licensee used for the payment of his license fee. It is paid to him out of any funds in the hands of the Comptroller derived from license fees received under the statute. The licensee's right to the refund is existent, the payment of the refund deferred only for the thirty-day period provided by the statute to enable the licensee to take the necessary steps to secure payment. When the licensee has satisfied the liquor authority that he is entitled to payment, the amount of the refund is computed " for full months, less fifteen dollars, commencing with the first day of the month succeeding the one in which such license may be surrendered."

Motion for reargument is granted, and, upon such reargument, an order may be entered directing the Comptroller of the State of New York to pay to the judgment creditors Bailis Brothers Corporation, $94.78; American Distilling Co., Inc., $50.11; Beverwyck Brewery, Inc., $235.90, in full payment and satisfaction of their respective judgments, and $4.21 to Hugo E. Hegeman, in partial payment of his judgment, amounting to a total of said payments of $385.

Settle order on two days' notice.