In the Matter of the Application of BENJAMIN W. MOORE and FREDERICK D. BREITHACK, as Judgment Creditors in an Action Entitled: " BENJAMIN W. MOORE and FREDERICK D. BREITHACK, plaintiffs, v. THE CITY OF YONKERS, defendant," Petitioners, and W. CHANTLER ARBUCKLE, Esq., as Receiver under Two Judgments Entitled as Follows: " In the matter of the proceeding supplemental to execution under a judgment in favor of JOHN RITCHIE and BARBARA L. RITCHIE, plaintiffs, against FREDERICK D. BREITHACK, impleaded with others, defendants," and " In the Matter of Supplementary Proceedings: R. B. McFALLS & Co., INC., judgment-creditor, against FREDERICK D. BREITHACK, Individually and trading

under the trade name and style of BREITHACK & Co., judgment debtor," for a Peremptory Mandamus Order Directed to JAMES E. HUSHION, Comptroller and Treasurer of the City of Yonkers, Defendant. [As Consolidated.] In the Matter of Supplementary Proceedings: JOHN RITCHIE and BARBARA L. RITCHIE, R. B. McFALLS & Co., INC., and WESTCHESTER TRUST COMPANY, Judgment Creditors, v. FREDERICK D. BREITHACK and Others, Judgment Debtors. In the Matter of the Application of FRANCIS J. DUFFY under Section 475 of the Judiciary Law for an Order on the Action and Proceedings Firstly Above Entitled Impressing upon the Funds Due and to Come Due Therein a Lien in Favor of Said Attorney-Petitioner for Services and Disbursements and in Determining the Amount Thereof. WESTCHESTER TRUST COMPANY and FREDERICK D. BREITHACK, Appellants; VICTOR PETERSON, Appellant-Respondent; LYNCH, CAHN & WEED, Attorneys, Respondent.— The decision of this court handed down on December 27, 1935 [ante, p. 771], is hereby amended to read as follows: Order in supplementary proceedings confirming the report of a referee appointed to determine the rights and priorities of creditors of the judgment debtor and to report thereon unanimously affirmed, in so far as appealed from, with costs to Peterson against the Westchester Trust Company, and with costs to Lynch, Cahn & Weed against Peterson and Breithack. The assignment by Breithack to Peterson was made prior to the entry of judgment against Breithack in favor of the Westchester Trust Company, and became a lien on the proceeds of the judgment in Breithack's favor against the city of Yonkers prior to the lien of the judgment against Breithack in favor of the Westchester Trust Company. There was an equitable assignment by Breithack in favor of his counsel for the agreed sum of twenty-five per cent of the recovery, which, with the lien of his attorneys of record of fifteen per cent of the recovery, are liens prior to all judgments against Breithack. (Sonnabend v. Gittins, 235 App. Div. 483; Steinert v. Van Aken, 165 id. 206; Matter of Kaufman, 149 Misc. 287; Klinger v. New York State National Bank, 151 id. 903; Stephens v. Meriden Britannia Co., 160 N. Y. 178.) Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.