In the Matter of Supplementary Proceedings: FREDERICK WACHTER, INC., Judgment Creditor, *v.* MARION ROGERS, Judgment Debtor.

City Court of New York, Special Term, New York County, October 26, 1936.

*Borowsky & Burrows*, for the judgment creditor.

*Marion Rogers*, judgment debtor, in person.

RYAN, J. The facts as contained in the papers submitted on this motion are as follows: Judgment was recovered against the judgment debtor on July 11, 1934. On July 24, 1934, an examination in supplementary proceedings was had, and on August 3, 1934, the same was closed and a receiver appointed. The receiver did not qualify until June 30, 1936. On May 22, 1936, judgment debtor recovered a judgment against one Ruth Chamberlain Magor (the third party), which was entered on May 29, 1936. Two other judgment creditors have appeared to oppose this motion and show that one obtained a judgment against the judgment debtor on May 5, 1933, and the other on April 17, 1935. Each of said judgment creditors served a third-party subpœna on said third party on May 25, 1936. The moving judgment creditor seeks an order requiring the third party to pay over to the receiver the amount of the Magor judgment. There is no opposition to the motion on the part of Magor.

The question presented is whether or not the money should be turned over to the receiver or to the opposing judgment creditors appearing on this motion.

Prior to the enactment of article 45 of the Civil Practice Act (Laws of 1935, chap. 630), in effect September 1, 1935, a receivership did not extend to after-acquired property. Under the new statute (Civ. Prac. Act, §§ 807, 808) property of the judgment debtor, whether acquired before or after the appointment of a receiver, becomes vested in a receiver who had duly qualified from the time of the filing of the order appointing him. The rule is well established that priority in the distribution of personal property in the receiver's possession is determined by the priority of the commencement of a supplementary proceeding and not by a priority of the entry of the judgment. (*Matter of First National Bank of Elmira* v. *Lowell*, 139 Misc. 891.) The moving creditor had instituted supplementary proceedings prior in time to the opposing judgment creditors, and it seems to me his contention should prevail. Here the receiver, having duly qualified as such on June

30, 1936, became entitled to receive the property of the judgment debtor, whether acquired before or after his appointment.

The motion is granted to the extent of directing payment by Ruth Chamberlain Magor to the receiver herein of the sum of $99.82, being the balance of the judgment payable on account of the judgment recovered by the moving creditor, it being conceded that the attorney for the judgment creditor in the action in which said judgment was recovered has a lien of $175.82 on said judgment for services rendered and disbursements incurred by her. Settle order on notice.