### In re MANHATTAN HOF–BRAU HAUS, Inc.

District Court, S. D. New York.
July 3, 1937.

Bernard Waxstein, of Yonkers, N. Y., for receiver.

William H. Ticho, of New York City, for State Liquor Authority.

LEIBELL, District Judge.

The receiver of Manhattan Hof-Brau Haus, Inc., alleged bankrupt, has petitioned this court for an order directing the State Liquor Authority to pay to the petitioner the sum of $451.66 as a refund on a liquor license formerly in the name of the alleged bankrupt, covering premises, 63-65 Main street, Yonkers, N. Y.

The petition in involuntary bankruptcy herein was filed January 27, 1937, and a temporary receiver was appointed January 29, 1937. The marshal was unable to serve the subpœna issued in the involuntary bankruptcy proceeding and made return to that effect on February 3d. An alias subpœna thereafter issued, March 6, 1937, remains unserved. The receiver states in his petition on this motion that the former officers of the alleged bankrupt cannot be located.

The records of the State Liquor Authority, however, show that on February 6, 1937, the alleged bankrupt filed with the Authority a petition for surrender of the liquor license, the said petition being executed by its president, and that at that time he received a receipt therefor and a blank form of affidavit to be filed at the expiration of thirty days in accordance with section 127 of the Alcoholic Beverage Control Law (Consol.Laws, c. 3-B). The attorney for the receiver notified the State Liquor Authority of the appointment of the receiver and demanded that any money due as a refund upon the cancellation of the liquor license issued to the alleged bankrupt should be paid to the said receiver. Due to the disappearance of the officers of the alleged bankrupt, there seems to be no one who can fill out and file the form of affidavit required by the regulations of the State Liquor Authority promulgated under section 127.

In an opposing affidavit on this motion the chairman of the Liquor Authority quotes from section 127 of the Alcoholic Beverage Control Law as follows: "*Surrender and cancellation of licenses; payment of refunds; notice to police officials.* 1. If a person holding a license to traffic in alcoholic beverages under the provisions of this chapter, against whom no complaint, prosecution or action is pending on account of any violation thereof, and who shall not have violated any provision of this chapter during the period for which such license was issued, shall voluntarily, and before arrest or indictment for a violation of this chapter, cease to traffic in alcoholic beverages during the term for which the license fee is paid, such person may surrender such license to the liquor authority for cancellation and refund, provided that such license shall have at least one month to run at the time of such surrender."

The chairman further states: "Pursuant to this provision, the liquor authority requires that an applicant for a refund on a surrendered license file with the Authority thirty (30) days after such surrender an affidavit in which he states, under oath, that no complaint, prosecution or action is pending against him for a violation of the Alcoholic Beverage Control Law and that he has not been convicted of any violation of the Alcoholic Beverage Control Law during the thirty (30) day period subsequent to the surrender of his license. The facts required to be set forth in this affidavit are in compliance with the further provisions of section 127 of the Law governing the direction by the Liquor Authority to the Comptroller of the State for the payment of a refund."

The chairman also contends: "The right to a refund, therefore, does not come into existence until such an affidavit has been filed with the Authority. The information required to be furnished to the Authority is personal in nature and can be furnished only by the person who is the holder of a license. It is plain that the receiver herein would be unable to furnish such information and to satisfy this condition precedent contained in the statute."

This point was discussed in Bailis Brothers Corporation v. Fitzgerald (November, 1935), 157 Misc. 216, 283 N.Y.S. 657, 659, in which the court held: "From a perusal of the statute, it is apparent that any one—certain well understood exceptions, of course, excluded—who wishes to obtain a license to traffic in alcoholic beverages may do so upon payment of a certain fee. He may cease to engage in the traffic before the expiration of the period for which his license was taken. If he satisfy the authority set up by the statute, that he is free of the inhibitions mentioned therein, the state engages with him to refund a certain part of the fee paid by him for the license. This amount is not taken out of the identical money the licensee used for the payment of his license fee. It is paid to him out of any funds in the hands of the comptroller derived from license fees received under the statute. The licensee's right to the refund is existent, the payment of the refund deferred only for the thirty-day period provided by the statute to enable the licensee to take the necessary steps to secure payment. When the licensee has satisfied the liquor authority that he is entitled to pay-ment, the amount of the refund is computed 'for full months, less fifteen dollars, commencing with the first day of the month succeeding the one in which such license may be surrendered.'"

In my opinion, the right to the refund on the liquor license held by the alleged bankrupt is an asset of the estate in bankruptcy herein. Unfortunately the receiver is not in a position to comply with the rule of the State Liquor Authority in respect to the information to be furnished in the form affidavit hereinabove referred to. It is not uncommon, however, for receivers in bankruptcy to find that the alleged bankrupt has disappeared or in the case of a corporation as an alleged bankrupt to find that its officers have disappeared. It seems to me that there should be some way in which the State Liquor Authority could satisfy itself, after investigation, as to the matters on which the licensee is required to furnish information in the aforementioned form affidavit. The refund should be made available to the creditors of a bankrupt who disappears.

Provision is made in section 122 of the Alcoholic Beverage Control Law for the continuation of the licensed business by a receiver and for the transfer of the liquor license to a receiver: "The liquor authority may, in its discretion, permit the continuance of such business or may refuse to do so. In the event that the authority determines to permit the continuance of the business, the license shall be submitted to the authority and shall have written or stamped across the face of the same, signed by a member of the authority, or other person designated by it, the words '(here insert the name of the person) is permitted to manufacture liquor, wine or beer (here insert the representative capacity, whether as assignee, receiver, executor, administrator or otherwise) of the original licensee for the unexpired term.'"

A receiver thus authorized to continue the business could thereafter surrender the certificate and obtain a refund on it under section 127 and could then as the licensee fill out the form affidavit required by the State Liquor Authority. Similar rights are granted to administrators or executors of the estate of the licensee.

Under the facts in this case, and in view of a recurrence of similar situations, I feel that I can properly suggest that the State Liquor Authority consider adopting some regulation that would cover a situa-

898

tion such as is here present, so that a receiver who does not wish to continue the business of the licensee could nevertheless surrender the license and, after proper investigation by the Authority, obtain the refund, if the investigation showed that the bankrupt would have been granted a refund on the facts disclosed.

I am therefore denying this motion for an order compelling the State Liquor Authority to make this refund. But in denying this application I express the hope that the State Liquor Authority will on its own motion, after investigation, relieve the receiver from the requirement of doing the impossible in this case, and, if the facts warrant it, that the State Comptroller pay the refund herein to the receiver.