In the Matter of the Estate of WILLIAM H. SENIOR, Deceased.

Surrogate's Court, Orange County, August 1, 1939.

*Gott & Hadaway*, for the executor.

*J. Allan Ballman*, for the receiver.

LEMON, Special Surrogate. The receiver was appointed in proceedings supplementary to a judgment obtained against the life beneficiary.

The pertinent part of the will involved in this proceeding reads as follows:

" *Fourth.* At the death of my wife, Bessie H. Senior, my principal estate then remaining shall be converted into money, and divided into four equal parts which shall be paid out as follows: [After disposing of three-fourths of the estate by outright gifts the will provides:]

" The remaining one of such parts or one fourth of my net estate shall be paid by my executors to my nephew Frank T. Hadaway, who shall hold the same, in trust, for the following uses and purposes. He shall from time to time and at such times and in such amounts as he deems best, use the income therefrom for the care, maintenance and support of my son Harry W. Senior. If my said son Harry W. Senior should marry then such income may be used by said trustee for the care and support of the wife and family, if any, of my said son Harry W. Senior. Upon the death of my said son Harry W. Senior, such income shall be paid to his widow, if he leave one, so long as she remains such, for her benefit and that of his children, if any; and upon the death or remarriage of such widow (if any) then the principal shall be paid to said children, if any; or if there be no children of said Harry W. Senior, at that time, then the principal fund shall be divided equally between and among my sons William H. Senior, Jr. Renwick T. Senior and my nephew Frank T. Hadaway.

" In the event that my son Harry W. Senior shall not marry then upon his death the said principal fund shall be divided equally between the said William H. Senior, Jr., Renwick T. Senior, and Frank T. Hadaway."

Claim is made by the accounting executor that the receiver has no standing in this matter, and that he has no right to object to the intermediate account, or to be heard in this proceeding.

There can be no doubt, and in fact it is conceded, that the trust set up by the will is what is commonly called a " spendthrift " trust. It is within the scope of section 15 of the Personal Property Law and section 103 of the Real Property Law.

No authority directly in point has been referred to in the briefs; nor has independent research disclosed that this precise question has been heretofore passed upon. However, there are a number of reported cases touching upon the question, and pointing to the conclusion that under the circumstances presented here, the receiver may not attempt to reach the income from the trust to satisfy the claims of creditors in this manner.

In *Matter of Kaplan* v. *Peyser* (273 N. Y. 147) an order had been obtained by a judgment creditor in supplementary proceedings directing the payment from income of trusts set up for the benefit of the judgment debtor, under section 793 of the Civil Practice Act. The court said (at p. 150):

" Section 793 is part of article 45 of the Civil Practice Act which regulates proceedings supplementary to judgment. Section 792 provides in part: ' This article does not authorize the seizure of, or other interference with * * * any money, thing in action or other property held in trust for a judgment debtor, where the

trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor.' That provision has had a fixed legal meaning from the days of the Revised Statutes. It recognizes ' the right of the creditor in a proper action to have the amount necessary for the support of the debtor ascertained, and to compel the application of the surplus.' (*Williams* v. *Thorn*, 70 N. Y. 270, 275.) But ' it is only such surplus which is liable to the claims of creditors; and this surplus, it has been held, is not properly ascertainable under supplementary proceedings to discover and appropriate the debtor's property to the satisfaction of the judgment, but only in a suit or proceeding where the issue is directly made upon the amount necessary for the debtor's support, and to which the trustees and *cestui que trust* are parties.' (*Graff* v. *Bonnett*, 31 N. Y. 9, 12. See Real Property Law [Cons. Laws, chap. 50], § 98, and *Demuth* v. *Kemp*, 159 App. Div. 422; affd., 216 N. Y. 757.) This previously settled interpretation of the language that has been quoted from section 792 is to be presumed to have been made part of that section as last enacted side by side with the new section 793 by chapter 630 of the Laws of 1935. (*Matter of Trosk* v. *Cohen*, 262 N. Y. 430.) In other words, by section 792 the Legislature of 1935 said that undistributed income from a trust fund created by a person other than the beneficiary cannot be reached through supplementary proceedings but only by a direct action to which the trustee is a necessary party.

" Then did the same Legislature in the same law intend next to say by section 793 that trust income, after adventitious payment over to a beneficiary, can be reached through a number of concurrently operative summary orders to be made by different courts in supplementary proceedings to which the trustee is not a party? In our judgment the context of sections 792 and 793 does not declare so mixed a purpose. Rather, it is the opinion of the court and we so hold, that these sections when read together exclude from the reach of supplementary proceedings all income from a trust fund held for the judgment debtor, where, as here, the fund was created by another."

In *Dillon* v. *Spilo* (275 N. Y. 275) a judgment creditor sought to reach the income from a trust created by the settlor for her own life. In holding that plaintiff could recover the court said (at p. 279 with reference to the question in the matter at bar): " It is only where a third party establishes the trust that the income of the beneficiary may not be reached to satisfy claims of creditors. (*Schenck* v. *Barnes*, 156 N. Y. 316.) Where a third party creates the trust, the income of the beneficiary may not be reached in proceedings supplementary to execution (*Matter of Kap-*

*lan* v. *Peyser*, 273 N. Y. 147), nor may it be reached in a judgment creditor's action under section 1189 of the Civil Practice Act. (Civ. Prac. Act, § 1196.)"

In *Matter of Beecher* (65 Hun, 620; reported in full, 19 N. Y. Supp. 971) a receiver petitioned for an accounting by the executors. The right was upheld by reason of the nature of the trust, the court stating, however, in connection with a trust of the kind involved here: " The point that a receiver cannot reach a trust fund, but that the creditor must himself proceed by an action in equity, has no application to this case. That rule applies only where the trust is to receive the rents and profits, and to apply them to the use of the beneficiary. The will does not appear in the record before us, but, so far as can be gathered from the petition and answer, the trust is only to convert and distribute."

In *Matter of Havemeyer* (127 Misc. 197), a case involving a " spendthrift " trust, Surrogate FOLEY held that section 15 of the Personal Property Law and section 103 of the Real Property Law set up the public policy of the State,which precludes the destruction of trusts of this character, prohibits the assignment of the income by the beneficiary, and limits the rights of a judgment creditor of the beneficiary to the special garnishee execution under section 684 of the Civil Practice Act, or by an action in equity to impound the surplus income. In that case it was held that the trustee in bankruptcy " under our law, has the rights, remedies and powers of a judgment creditor. (*Jenks* v. *Title Guarantee & Trust Co.,* 170 App. Div. 830.)" The court said (at p. 199): " A judgment creditor or a domestic trustee cannot intrude into an accounting proceeding in the Surrogate's Court to enforce rights against the beneficiary of the trust. He does not stand in the shoes of the *cestui* of the trust, and is not a person interested in the trust estate. He must pursue his remedy by garnishee process, or else seek equitable relief by independent action in the Supreme Court in order to reach the excess of income above that required for the beneficiary's support. (*Matter of Ungrich,* 201 N. Y. 415; *Hoye* v. *Hipkins,* 182 App. Div. 901; *Matter of Morris,* 204 Fed. 770; *Matter of Reynolds,* 243 id. 268.)"

In *Matter of Cramer* (166 Misc. 713) Surrogate FOLEY again said: " Under the law of this State a testator may protect a beneficiary against his own improvidence by creating a trust for his benefit, the income from which is inalienable. (Real Prop. Law, § 103; Pers. Prop. Law, § 15.) This income is likewise protected against creditors of the beneficiary who may only reach a portion of it by an appropriate proceeding under section 684 of the Civil Practice Act or by an action in equity to impound surplus income."

A receiver clearly has no greater rights than a judgment creditor.

He takes the interest, if any, of the judgment debtor under section 807 of the Civil Practice Act. In the case at bar the trust for the life beneficiary has not been created. Whatever the future interest of the life beneficiary may be, he may not assign or alienate it for the reason that it is contrary to public policy to permit the assignment of future income of a trust. (*Matter of Glover*, 246 App. Div. 781.)

It would appear, therefore, that the receiver is not a person interested, so as to permit his appearance in this proceeding and the filing by him of objections to the intermediate account. In those reported cases where receivers were permitted to come into Surrogate's Court seeking relief, the courts did so on the theory that the receiver was the assignee of the legatee by operation of law, and, therefore, stood in the shoes of the legatee. The facts of those cases differ from the circumstances in the matter under consideration.

The contention of the executor is sustained and the objections of the receiver are dismissed.

Settle order on notice, or by consent.