## In re SUNNYSIDE 44—05 QUEENS RESTAURANT, Inc.

### No. 37152.

District Court, E. D. New York.

Feb. 3, 1941.

Murray Lehman, of Brooklyn, N.Y., for Trustee.

John J. Bennett, Jr., Atty. Gen., of New York (George F. Mullay, Asst. Atty. Gen., of counsel), for Comptroller of New York.

CAMPBELL, District Judge.

This matter comes before this court on a motion made on behalf of the Trustee in Bankruptcy herein for an order directing the Comptroller of the State of New York, Department of Audit and Control, Refund Unit, to turn over to Harry Ahrends, the Trustee in Bankruptcy herein, the refund due on the liquor license No. R.L. 7021 in the sum of $685 to be distributed in accordance with the order of Henry C. Frey, Esq., Referee in Bankruptcy, and for such other and further relief.as to the court may seem just and proper in the premises.

Also on a cross-motion made on behalf of the Comptroller of the State of New York by the Attorney General of the State of New York, appearing specially for that purpose, for an order dismissing the notice of motion of the Trustee herein upon several grounds stated.

The Comptroller contends that the license had not been surrendered, nor the refund recommended or allowed at the time of the vesting of title in the Trustee of the property of the bankrupt, nor had the Trustee complied with Section 122 of the Alcoholic Beverage Control Law of the State of New York, Consol.Laws, c. 3-B; that the money had never been out of the possession of the State of New York; and that the refund has been applied to taxes due the State of New York.

The Comptroller of the State of New York on its behalf is an adverse claimant and his claim is more than colorable. In re Manhattan Hof-Brau Haus, Inc., D.C., 19 F.Supp. 896.

Therefore, this court does not have jurisdiction by summary order to compel the Comptroller of the State of New York to pay over to the Trustee in Bankruptcy herein the said refund.

The Trustee must seek his remedy by plenary action or seek review, and because of the power conferred by the Statute in question on the New York State Supreme Court, such action should be brought, or such review should be sought therein. In re Bay Ridge Inn, Inc., 2 Cir., 94 F.2d 555.

776

The motion of the Trustee is denied and the motion of the State Comptroller is granted solely on the ground that this court lacks jurisdiction to require the Comptroller, etc., to pay the refund by a summary order, and not on the merits, and without prejudice to the bringing action or seeking a review in the New York State Supreme Court.