Maximilian Moss, S.
This is a motion addressed to the report of the Referee to hear and report on the issues raised by the objections filed to the trustee’s account.
The motion seeks to disaffirm that part of the Referee’s report which recommends a finding that priority be given to an assignment bearing an earlier date but recorded subsequent to an assignment bearing a later date. The later dated instrument was found by the Referee to be a valid assignment but subject and subordinate in priority to the earlier dated instrument. The motion also seeks to disaffirm that part of the Referee’s report which recommends that a certain described assignment dated February 9, 1953 was in fact given to secure a loan.
Section 32 of the Personal Property Law governs the priority of assignments in decedent estates and makes the date of recording the determining fact (Matter of Kaufman, 149 Misc. 287; Matter of Kitching, 141 Misc. 704; Matter of Kloppenburg, 134 Misc. 168, 172, affd. 227 App. Div. 739). In the absence of adequate proof of actual notice of the existence of a prior assignment having been given to the assignee of the first recorded instrument, the priority of the lien of the first recorded instrument must be maintained (Matter of Leverich, 135 Misc. 774, affd. 234 App. Div. 625; Matter of Kaufman, supra). The finding of the Referee which recommends granting priority to the assignment dated March 4, 1952 recorded January 19, 1953 is reversed. The recommendation of the learned Referee concerning the validity of the assignment of January 12, 1953 is upheld.
The court cannot find an adequate basis for the conclusion arrived at in respect of the validity of the assignment dated February 9, 1953. The assignor having executed an instrument expressive of a jural act is conclusively bound by the consequences which were reasonably to have been anticipated by its signing (Pimpinello v. Swift & Co., 253 N. Y. 159; Mencher v. Weiss, 306 N. Y. 1, 4). Ignorance through negligence or inexcusable trustfulness cannot relieve this assignor from her contractual obligations (Metzger v. Ætna Ins. Co., 227 N. Y. 411, 416; Matter of Level Export Corp. [Wolz, Aiken & Co.], 305 N. Y. 82, 87). The court on the evidence before the learned Referee finds that the assignment of February 9, 1953 from Eugenie K. B. Degen to Rita B. Sanger as trustee was absolute and not as security for a loan.
The motion is granted in all respects and the determinations of the Referee in the respects above stated are reversed. Settle order and decree on notice.