Joseph A. Cox, S.
In its prior decision in this proceeding (28 Mise 2d 730), the court held that the power of appointment conferred upon her under the will of the testator was lawfully exercised by the donee in her appointment of one third of the principal to her son and the balance to more remote descendants. A group of individuals to whom the son had assigned successive “undivided interests ” in particular amounts “in a first and prior interest of $200,000 in and to the principal of said trust ’ ’ has sought a ruling as to the manner and sequence of payment of the assignments since their total exceeds $140,000 which is the amount the assignor will receive under his mother’s appointment. Despite the reasoning of some of their number who assert that the assignments are entitled to satisfaction on a basis of parity, the court, finding no support for this argument from the text of the instruments or the surrounding circumstances, holds that payment is to be made in the order in which the assignments were recorded (Personal Property Law, § 32; Matter of Gurnee, 3 Misc 2d 992; Matter of Cornell, 170 Misc. 638; Matter of Kitching, 141 Misc. 704).
As was pointed out in the prior decision, the donee of the power of appointment conditioned her gifts to her grand *460 daughter and great-granddaughter upon their releasing her son from his obligations under a separation agreement by which he had bound himself to provide for their support out of his interest in the estate of the testator. The granddaughter and the general guardian of the infant great-granddaughter of the donee have indicated their intention of perfecting the legacies upon the terms prescribed. It is the position of certain of the assignees-of the life tenant’s son that the bequests to the appointees are liable for the payment of their assignments to the extent that the property which the son will receive under the appointment is insufficient to satisfy them. The position of the assignees in this connection is wholly without foundation or merit. Neither by implication nor purpose was the mother of their assignor a party to her son’s assignments nor was she under any obligation to assume his obligations or to compel her appointees to do so as the assignees suggest. The court accordingly holds that neither of the other appointees is under any obligation to contribute to the fund required for the satisfaction of the assignments and that these are payable to the extent the property per-' mits solely from that part of the principal passing to the assignor under the will of the testator and the exercise of the power by his mother.